[No. 15059.  Department Two. — August 31, 1893.]

PETER GISSON, RESPONDENT, v. LEWIS M. SCHWA-BACHER ET AL., APPELLANTS.

MASTER AND SERVANT — NEGLIGENCE — DANGEROUS MACHINERY — INSUFFICIENT LIGHT — RISK WHEN NOT ASSUMED BY SERVANT — CONTRIBUTORY NEGLIGENCE. —In an action by a laborer in a flouring mill to recover damages for injuries received by reason of the dangerous condition of the mill, where a verdict was given in his favor, and it is undisputed that the place where the plaintiff was injured was extremely dangerous to a person working there, and that the defendants knew of its dangerous character, and that the machinery was unprotected by guards or railing, and could not be distinguished on account of the darkness of the room in which the plaintiff was taken to assist the foreman, it being lighted only by a lantern, which the foreman had with him at the time and place of the accident, and the evidence on the part of the plaintiff tended to show that he was never before in that particular place, and had no knowledge of the location of the machinery which caused his injuries, and that his general duties were not such as to require him to have such knowledge, an implied finding of the jury that the injury was not caused by any of the ordinary risks of his employment, and that he was not guilty of contributory negligence, will not be disturbed upon appeal.

ID. — NOTICE OF DANGER ESSENTIAL TO ASSUMPTION OF RISK. — Unless an employee injured by dangerous machinery knew, or ought to have known, of the danger to which he was exposed in working near it, he cannot be said to have recklessly exposed himself to the danger, or to have voluntarily assumed the risks attendant thereto.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Estee, Wilson & McCutcheon,* for Appellants.

*A. Ruef,* for Respondent.

DE HAVEN, J. — This is an action to recover damages alleged to have been sustained by the plaintiff by reason of the dangerous condition of a flouring mill conducted by defendants, and in which plaintiff was employed as a laborer at the time he received the injuries complained of. The plaintiff recovered judgment in the superior court for the sum of two thousand five hundred dollars, and the defendant appeals.

The plaintiff was employed as a sack-sewer, and when not so employed, and when the necessity arose, it was also his duty to do such other work about the mill as the foreman might direct. On June 29, 1888, he was directed by the foreman to assist him in taking apart some rollers upon a raised platform on one side of the room in which he was engaged in sewing sacks, the foreman taking with him to the place where the work was to be done a lantern used by plaintiff when engaged in his ordinary work, and which was the only light in the room. Upon this platform, or rather passing over and above it, were rollers, belts, and pulleys, such as usually form part of the machinery of a flouring mill, but they could not be distinguished there on account of the darkness of the room. The room was unlighted except with the one lantern which the foreman took with him, as already stated, and this was not sufficient to light that part of the platform occupied by the plaintiff at the time, and the belts, pulleys, and rollers were not protected in any manner by guards or railing. While engaged with the foreman upon this platform the plaintiff in some way stumbled and fell and became entangled in the belting and pulleys referred to, and sustained the injuries on account of which this action is brought.

The appellants do not dispute the fact that the place where plaintiff was injured was extremely dangerous to a person working there, and that they knew of its dangerous character; but their main contention is that plaintiff knew, or ought to have known, of the risk and danger surrounding the place, and that he voluntarily assumed such risk when he went upon the platform; and further, that he was guilty of contributory negligence in working there without a light. It is undisputed in the evidence that there was but one light in the room, and this the foreman had with him at the time and place of the accident. The evidence upon the part of plaintiff also tended to show that

he was never upon this platform before the accident, and that he had no knowledge of the location of the machinery, belts, and pulleys in that part of the mill where he was engaged, and that his general duties were not such as to require him to have such knowledge.

We cannot, in view of this evidence, disturb the implied findings of the jury, to the effect that the injury received by plaintiff was not caused by any of the ordinary risks of his employment, and that he was not himself guilty of contributory negligence in going to work upon the platform under the circumstances above stated. Certainly, unless the plaintiff knew, or ought to have known, of the danger to which he was exposed in working upon the platform where he was injured, he cannot be said to have recklessly exposed himself to such danger, or to have voluntarily assumed these risks. (*Sanborn v. Madera Flume etc. Co.*, 70 Cal. 261.)

The court did not err in refusing to give the instructions requested by defendant. In so far as they correctly stated the law they were embodied in the instructions given. The case was submitted to the jury upon instructions quite as favorable to defendants as they were entitled to under the law, and of which, therefore, they have no right to complain.

Judgment and order affirmed.

FITZGERALD, J., and McFARLAND, J., concurred.