[No. 15599.   Department Two.—December 12, 1894.]

CHARLES MULLIN, JR., APPELLANT, v. THE CALIFORNIA HORSESHOE COMPANY, RESPONDENT.

MASTER AND SERVANT—NEGLIGENCE—SAFETY OF PLACE AND APPLIANCES—REPRESENTATION OF EMPLOYER—FELLOW-SERVANT.—It is the duty of an employer to furnish a safe and suitable place for his employee to work, and suitable and safe appliances and machinery for him to work with; and the employer cannot be exonerated from liability to an employee for breach of this duty, by delegating it either to a superior officer, agent, or servant, or to a subordinate agent or servant; and the person to whom such duty is delegated, who undertakes or omits to perform it, is the representative of the employer, and not a mere fellow-servant with the one who is injured, as the result of the breach of such duty.

ID.—CONTRIBUTORY NEGLIGENCE—KNOWLEDGE OF DANGER.—When it is claimed that an injured employee was guilty of contributory negligence it must appear that he not only knew, or had the means of knowledge, of the unsafeness of the place, appliances, or machinery, but also that he knew, or ought to have known, of the danger to which he was himself personally exposed.

ID.—QUESTION OF FACT—INJURY TO MINOR—INSECURE PLANK UPON PLATFORM—SPECIAL EMPLOYMENT WITHOUT WARNING—OBSERVATION OF DANGER—NONSUIT.—Where a minor was employed as a press-boy in a horseshoe-shop, and was ordered by the machinist who had general supervision of the boys in the whole shop to go upon a platform by means of a ladder, where he had never been sent before, to hold a broken belt over a shaft, while the machinist fixed it, and was injured by falling forward upon the shaft, as the result of a toppling plank insecurely fastened, one end of which rested on an upright of the ladder, and was not cautioned before going that any danger attended the duty assigned him, although he noticed how the plank was supported when he went up the ladder with the belt, and also that the plank shook a little when he went along over it, to place the belt over the shaft; *held*, that the question whether the minor was guilty of such negligence as to prevent his recovery is a question of fact for the jury, and it cannot be said to be established by the evidence that the minor knew, or ought to have known, of the danger to which he was exposed, and it is error to grant a nonsuit in such case.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Shadburne & Herrin*, for Appellant.

The nonsuit should not have been granted as the evidence clearly shows that plaintiff was a minor and that he was placed, against his will, in a position of danger, outside and beyond his usual and ordinary course of employment. (*Railroad Co.* v. *Fort*, 17 Wall. 553; *Orman* v. *Mannix*, 17 Col. 564; 31 Am. St. Rep. 340; *Buzzell* v. *Laconia Mfg. Co.*, 48 Me. 116; 77 Am. Dec. 212; *Chicago etc. Ry. Co.* v. *Bayfield*, 37 Mich. 205; *Gisson* v. *Schwabacher*, 99 Cal. 419; Shearman and Redfield on Negligence, 4th ed., sec. 218; *Hinckley* v. *Horazdowsky*, 133 Ill. 359; 23 Am. St. Rep. 618; *Myhan* v. *Louisiana Electric Light Co.*, 41 La. Ann. 964; 17 Am. St. Rep. 436; *Ciriack* v. *Merchants' Woolen Co.*, 151 Mass. 152; 21 Am.

St. Rep. 438; *Rummel* v. *Dilworth,* 131 Pa. St. 509; 17 Am. St. Rep. 827; *Gilmore* v. *Northern Pac. Ry. Co.,* 18 Fed. Rep. 866; Wood on Master and Servant, sec. 714; *Missouri Pac. Ry. Co.* v. *White,* 76 Tex. 102; 18 Am. St. Rep. 33; *Sullivan* v. *India Mfg. Co.,* 113 Mass. 396; *Whitelaw* v. *Memphis etc. R. R. Co.,* 16 Lea, 391; *Jones* v. *Florence Mining Co.,* 66 Wis. 268; 57 Am. Rep. 269; Thompson on Negligence, 978; *Rolling Mill Co.* v. *Corrigan,* 46 Ohio St. 283; 15 Am. St. Rep. 596; *Jones* v. *Lake Shore etc. Ry. Co.,* 49 Mich. 573; *Hough* v. *Railway Co.,* 100 U. S. 216; *Mann* v. *Oriental Print Works,* 11 R. I., 152; *Chicago etc. Ry. Co.* v. *Harney,* 28 Ind. 28; 92 Am. Dec. 282; Cooley on Torts, 2d ed., 656, 657; *Kehler* v. *Schwenk,* 151 Pa. St. 505; 31 Am. St. Rep. 777; *Patterson* v. *Pittsburg etc. R. R. Co.,* 76 Pa. St. 389; 18 Am. Rep. 412; *Coombs* v. *New Bedford Cordage Co.,* 102 Mass. 572; 3 Am. Rep. 506; *O'Connor* v. *Adams,* 120 Mass. 427; Wood on Master and Servant, secs. 387, 388; Wharton on Negligence, sec. 216; *Chicago etc. R. R. Co.* v. *Dewey,* 26 Ill. 255; 79 Am. Dec. 374; *Ingerman* v. *Moore,* 90 Cal. 410; 25 Am. St. Rep. 138.)   The evidence clearly shows that Brunig, the foreman, was not a fellow-servant. (*Missouri Pac. Ry. Co.* v. *Peregoy,* 36 Kan. 424; *Chicago etc. Ry. Co.* v. *Bayfield,* 37 Mich. 205; Cooley on Torts, 2d ed., 656, 657; *Orman* v. *Mannix,* 17 Col. 564; 31 Am. St. Rep. 340; Wood on Master and Servant, sec. 387; *Railroad Co.* v. *Fort,* 17 Wall. 553; *Hinckley* v. *Horazdowskey,* 133 Ill. 359; 23 Am. St. Rep. 618; *Myhan* v. *Louisiana Electric Light Co.,* 41 La. Ann. 964; 17 Am. St. Rep. 436; *Ciriack* v. *Merchants' Woolen Co.,* 151 Mass. 152; 21 Am. St. Rep. 438; *Gilmore* v. *Northern Pac. Ry. Co.,* 18 Fed. Rep. 866; Thompson on Negligence, 978; *Mann* v. *Oriental Print Works,* 11 R. I. 152; *Jones* v. *Florence Mining Co.,* 66 Wis. 277; 57 Am. Rep. 269; *Ingerman* v. *Moore,* 90 Cal. 422; 25 Am. St. Rep. 138; *Baxter* v. *Roberts,* 44 Cal. 187; 13 Am. Rep. 160; *Kline* v. *Central Pac. R. R. Co.,* 37 Cal. 400; 99 Am. Dec. 282; Shearman and Redfield on Negligence, sec. 93; *Chicago etc. R. R. Co.* v. *Ross,* 112 U. S. 377; *Kansas Pac. Ry. Co.* v. *Salmon,*

14 Kan. 524.) It is the duty of the master to furnish proper appliances upon the machinery about where the employee will have to work. (*Laning* v. *New York Cen. R. R. Co.*, 49 N. Y. 521; 10 Am. Rep. 417; *Flike* v. *Boston etc. R. R. Co.*, 53 N. Y. 549; 15 Am. Rep. 545; *Arkerson* v. *Dennison*, 117 Mass. 407; *Sanborn* v. *Madera Flume etc. Co.*, 70 Cal. 261; *Malone* v. *Hawley*, 46 Cal. 409; *Beeson* v. *Green M. G. M. Co.*, 57 Cal. 20; *Leahy* v. *Southern Pac. R. R. Co.*, 65 Cal. 152.) The court erred in refusing to allow plaintiff to show by other witnesses that they had been injured in the same place, by the same cause, and that defendant was well aware of the danger of the position to which it called plaintiff. (2 Thompson on Negligence, 992; *Henry* v. *Southern Pac. R. R. Co.*, 50 Cal. 176; *Butcher* v. *Vaca Valley etc. R. R. Co.*, 67 Cal. 518; *Steele* v. *Pacific Coast Ry. Co.*, 74 Cal. 323; 1 Wharton on Evidence, sec. 41; *City of Delphi* v. *Lowery*, 74 Ind. 520; 39 Am. Rep. 98; *Phelps* v. *Winona etc. R. R. Co.*, 37 Minn. 485; 5 Am. St. Rep. 867; *Randall* v. *Northwestern Tel. Co.*, 54 Wis. 140; 41 Am. Rep. 17; *House* v. *Metcalf*, 27 Conn. 631; *St. Louis etc. Ry. Co.* v. *Weaver*, 35 Kan. 412; 57 Am. Rep. 176; *City of Augusta* v. *Hafers*, 61 Ga. 48; 34 Am. Rep. 95; *Wooley* v. *Grand Street etc. R. R. Co.*, 83 N. Y. 121; *Hinds* v. *Barton*, 25 N. Y. 544; *Hoyt* v. *Jeffers*, 30 Mich. 181; *Hill* v. *Portland etc. R. R. Co.*, 55 Me. 438; 92 Am. Dec. 601.) On a trial before a jury in an action for negligence a nonsuit should not be ordered by the court, unless there is no evidence at all, or a mere scintilla of evidence wholly insufficient for the consideration of the jury. (*Bygum* v. *Southern Pac. Co.*, Cal., Apr. 24, 1894 (not reported), citing *Wilson* v. *Southern Pac. R. R. Co.*, 62 Cal. 164.) When a nonsuit is improperly ordered and a motion for a new trial is made, it should be granted. (*Bygum* v. *Southern Pac. Co.*, Cal., Apr. 24, 1894; *Alvarado* v. *De Celis*, 54 Cal. 588.)

*W. S. Goodfellow*, for Respondent.

Persons working in factories are required to exercise their faculties for their own protection. (*Kenna* v. *Cen-*

*tral Pac. R. R. Co.*, 101 Cal. 26.)   The plaintiff assumed the risk, and defendant is not liable.   (*Fisk* v. *Central Pac. R. R. Co.*, 72 Cal. 38; 1 Am. St. Rep. 22; *Buckley* v. *Gutta Percha etc. Co.*, 113 N. Y. 540; *Kean* v. *Detroit Copper Mills*, 66 Mich. 277; 11 Am. St. Rep. 492; *Russell* v. *Tillotson*, 140 Mass. 201; *Long* v. *Coronado R. R. Co.*, 96 Cal. 269.)

The COURT.—This is an action to recover damages for personal injuries sustained by the plaintiff.   The answer denied that the defendant was in any way responsible for the injuries complained of, and alleged that they were caused by the plaintiff's own negligence.

It was proved at the trial that the plaintiff was employed by the defendant to work in its horseshoe-shop in November, 1891, and that he continued to work there until he was injured, on June 13, 1892, at which time he was sixteen years of age.   When he was employed he was taken by the foreman, Ingram, to one of the machines for making horseshoes, and was told that the machinist would show him what to do, and to obey whatever the machinist told him.   There were four machines in the shop, and three boys were employed on each machine: the furnace-boy, the bender-boy, and the press-boy.   The machinist, Brunig, had general supervision of the boys and directed and ordered them about. He put the plaintiff to work as a press-boy, and directed him generally about his work until he was injured.

The machines were worked by belts which ran up over a large revolving shaft that extended through the building and was operated by steam-power.   This shaft was about twenty feet above the floor, and to reach it one had to go up a ladder, the lower end of which rested on the floor, and upper end against one of the stringers of the building.   Lying across the stringers were a few loose planks, which were not nailed down and were easily moved.   One end of one of the planks rested on one of the uprights of the ladder, and was raised a little above the stringer.

The belt which ran the machine on which plaintiff was working was old and had .broken many times. It broke twice in the forenoon of the day when plaintiff was injured, and then the machinist went up and fixed it. It broke again in the afternoon, and the machinist directed the plaintiff to go up and hold the belt while he fixed it. The plaintiff had never before been sent up to hold the belt, and was given no instructions about the danger of the place to which he was sent. He did not want to go, but was ordered quite positively to go, and thereupon took the belt, weighing forty or forty-five pounds, on his shoulders and started up the ladder. When he got to the top of the ladder he stepped off upon one of the planks, and walked along to the shaft where he was to hold the belt. The shaft was running at full speed, and he put the ends of the belt over it and dropped them down, and then started back on the plank to go down, when the machinist halloed to him: " Go back and hold that belt." He then went back and held the belt up from the shaft in a loop. He held it there for about ten minutes, when the machinist called out to him: "Wait, I am going to get some lacing." He became tired standing there and holding up the belt, and moved his foot on the plank, when it turned over and he fell forward upon the shaft. His right arm was caught between the belt and shaft and torn completely off at the elbow, and it became necessary to amputate it near the shoulder. He was also otherwise badly bruised and injured.

The plank that turned over and caused plaintiff to fall was the one that rested at one end on one of the uprights of the ladder, and over which he walked in going first from the ladder to the shaft. He noticed how the plank was supported when he went up and got off the ladder, and also that it shook a little when he went along over it.

The case was being tried before a jury, and at the conclusion of the plaintiff's evidence the defendant moved for a nonsuit, and the court granted the motion.

A judgment of nonsuit was accordingly entered, from which and from an order denying a new trial the plaintiff appeals.

We think the court erred in granting the nonsuit. The law is settled beyond controversy that it is the duty of an employer to furnish a suitable and safe place for his employee to work, and suitable and safe appliances and machinery for him to work with; and this duty cannot be delegated to another so as to exonerate the employer from liability to an employee who is injured in consequence of the omission to properly perform the act or duty, whether that other is a superior officer, agent, or servant, or a subordinate or inferior agent or servant. In either case, in respect to such act or duty, the person who undertakes or omits to perform it is the representative of the employer, and not a mere fellow-servant with the one who is injured. ~ And when it is claimed that the injured employee was himself guilty of such negligence as to bar him from recovering damages for his injuries it must appear that he not only knew, or had the means of knowledge, of the unsafeness of the place, appliances, or machinery, but also that he knew, or ought to have known, of the danger to which he was himself personally exposed. (*Sanborn* v. *Madera Flume etc. Co.*, 70 Cal. 261; *Gisson* v. *Schwabacher*, 99 Cal. 419; *Elledge* v. *National · City Ry. Co.*, 100 Cal. 282; 38 Am. St. Rep. 290; *Nixon* v. *Selby Smelting etc. Co.*, 102 Cal. 458.)

Whether the plaintiff was guilty of such negligence as would prevent his recovery was, under the facts in this case, a question for the jury. (*Sanborn* v. *Madera Flume etc. Co.*, 70 Cal. 261; *Ingerman* v. *Moore*, 90 Cal. 410; 25 Am. St. Rep. 138.)

Here it is evident that the place to which the plaintiff was sent to hold the belt was unsafe, and to show that the defendant knew of such unsafeness the plaintiff offered to prove that others had been injured in the same place and in the same way before, but the court excluded the evidence.

The plaintiff was a boy, had never been sent up to that platform before, and before going was not cautioned or told that any danger attended the work assigned him. And so far as appears he had not at that time heard of any previous accidents there. We do not think, therefore, that it can be said to be established by the evidence that the plaintiff knew or ought to have known of the danger to which he was exposed. This being so, the issues should have been submitted to the jury.

It follows that the judgment and order must be reversed and the cause remanded for a new trial. So ordered.

Hearing in Bank denied.