[S. F. No. 3083.   Department Two.—January 12, 1904.]

## HENRY GRUNDEL, Administrator, etc., Respondent, v. UNION IRON WORKS, Appellant.

ACTION FOR DEATH—VESSEL TIED TO PRIVATE WHARF—INSECURE GANG-PLANK—LICENSEE—NEGLIGENCE NOT IMPUTED—INSUFFICIENT COM-PLAINT.—A complaint in an action for death, alleging that the defendant corporation had caused a vessel in its possession to be tied to its private wharf, and had placed an insecure gang-plank from the wharf to the vessel, and that deceased, "having business to perform upon the vessel," lost his life while attempting to board it, as the result of the slipping of the gang-plank, but not stating any employment by or business with the defendant, or permission from the defendant to be upon the premises, does not show that deceased was not a trespasser, but, construing it most favorably, as showing that deceased was a mere licensee, it shows no duty owed to him by the defendant to keep the premises or passageway in a secure condition, and no negligence which can be imputed to the defendant, and does not state a cause of action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Wilson & Wilson, for Appellant.

The complaint fails to show any duty owed by defendant to plaintiff, or any actionable negligence. (*Schmidt* v. *Bauer,*

80 Cal. 565, 568; *Kennedy* v. *Chase,* 119 Cal. 640;[1] *Faris* v. *Hoberg,* 134 Ind. 269, 274;[2] *Sweeny* v. *Old Colony etc. R. R. Co.,* 10 Allen, 372;[3] *Brchmer* v. *Lyman,* 71 Vt. 98; *Dobbins* v. *Missouri etc. R. R. Co.,* 91 Tex. 62;[4] *Evansville etc. R. R. Co.* v. *Griffin,* 100 Ind. 221-223;[5] *Vanderbeck* v. *Hendry,* 34 N. J. L. 467, 471; *Matthews* v. *Bonsee,* 51 N. J. L. 30; *Parker* v. *Portland Pub. Co.,* 69 Me. 173, 176;[6] *Taylor* v. *Haddonfield etc. Turnpike Co.,* 65 N. J. L. 102; *Reardon* v. *Thompson,* 149 Mass. 267; *Redigan* v. *Boston and Maine R. R. Co.,* 155 Mass. 44;[7] *Moffatt* v. *Kenney,* 174 Mass. 311, 315; *Splittorf* v. *State,* 108 N. Y. 205; *Cusick* v. *Adams,* 115 N. Y. 55;[8] *Murphy* v. *City of Brooklyn,* 118 N. Y. 575; *Gibson* v. *Leonard,* 143 Ill. 182;[9] *Victory* v. *Baker,* 67 N. Y. 366; *Clapp* v. *La Grill,* 103 Tenn. 164; 2 Shearman and Redfield on Negligence, sec. 705; 1 Thompson on Negligence sec. 976.)

Sullivan & Sullivan, for Respondent.

Grundel was on the premises by implied invitation, and the defendant is liable for his resulting death. (*Phillips* v. *Library Co.,* 55 N. J. L. 307; *Spry Lumber Co.* v. *Duggan,* 182 Ill. 220; *Carlton* v. *Tranconia Iron Co.,* 99 Mass. 217; Wood on Railroads, Minor's ed., pp. 1627, 1628; Thompson on Negligence, sec. 965; *Tobin* v. *Portland etc. Ry. Co.,* 59 Me. 183;[10] *Campbell* v. *Portland Sugar Co.,* 62 Me. 552;[11] *Bennett* v. *Railway Co.,* 102 U. S. 126; *Mulchey* v. *Methodist Society,* 125 Mass. 487; *Pompionio* v. *N. Y. and R. Co.,* 66 Conn. 528;[12] *Union Pac. Ry. Co.* v. *McDonald,* 152 U. S. 262; *Newark E. L. P. Co.* v. *Garden,* 78 Fed. 74; 39 U. S. App. 416; *Welch* v. *McAllister,* 15 Mo. App. 492, 496, 497, 498; *Powers* v. *Harlow,* 53 Mich. 507;[13] *Drennan* v. *Grady,* 167 Mass. 415; *Holmes* v. *Railway Co.,* L. R. 4 Ex. 254; *Evansville etc. R. R. Co.* v. *Griffin,* 100 Ind. 221;[14] *Indiana B. and W. Ry. Co.* v. *Barnhart,* 115 Ind. 408; *Lowe* v. *Salt Lake City,* 13 Utah, 91.[15])

[1] 63 Am. St. Rep. 153.
[2] 39 Am. St. Rep. 261.
[3] 87 Am. Dec. 644.
[4] 66 Am. St. Rep. 856.
[5] 50 Am. Rep. 783.
[6] 31 Am. Rep. 262.
[7] 31 Am. St. Rep. 520, and note.
[8] 12 Am. St. Rep. 772.
[9] 36 Am. St. Rep. 376.
[10] 8 Am. Rep. 415.
[11] 16 Am. Rep. 503.
[12] 50 Am. St. Rep. 124.
[13] 51 Am. Rep. 154.
[14] 50 Am. Rep. 783.
[15] 57 Am. St. Rep. 708.

HENSHAW, J.—This action was to recover damages from the Union Iron Works for negligently causing the death of the plaintiff's intestate, Frank Grundel. The complaint charged that upon the 28th of December, 1893, a certain sailing-vessel named Gracie S. was in the possession and under the control of the defendant; that while so under its control the vessel was placed alongside of a wharf belonging to the defendant; that for the purpose of affording a passageway to and from the vessel the defendant on that day extended a gang-plank from the wharf to the vessel; that the gang-plank was negligently, insecurely, and defectively attached to the wharf and the vessel; that "Frank Grundel, having business to perform upon said vessel, attempted to board the same by walking on said gang-plank from said wharf to said vessel." While so walking, by reason of the insecure, negligent, and defective manner in which the gang-plank was placed, it slipped, and in slipping caused Grundel to fall against the rail of the vessel, fracturing his skull and inflicting fatal injuries.

This complaint does not state a cause of action, and the demurrer interposed to it, for that reason, should have been sustained. The allegations show that the Union Iron Works had caused a vessel in its possession to be tied to its private wharf, and had placed a gang-plank between the wharf and the vessel. It is alleged that Grundel, "having business to perform upon the vessel," attempted to board it by means of the gang-plank. There is no pretense that Grundel was in the employ of the Union Iron Works, that he had been invited by the Union Iron Works to enter upon its premises, or to go upon the vessel, or that his business was in any way connected with the defendant. It is not even pretended that he had permission of the Union Iron Works to be upon the premises. His business, for aught that appears, might have been wholly foreign to any of the interests of the Union Iron Works, or even in hostility to it. It is not shown, therefore, that he was not a trespasser, and, under the most favorable view which could be taken of the pleading, he was at the best a mere licensee. As such licensee, the defendant owed him no duty to keep its premises or its passageways in safe condition, and no duty being owed by defendant to plaintiff, no

negligence can be imputed to the former. It would seem unnecessary to cite cases in support of this doctrine, so well settled as to be beyond controversy, but there may be instanced *Schmidt* v. *Bauer*, 80 Cal. 565; *Kennedy* v. *Chase*, 119 Cal. 640;[1] *Faris* v. *Hoberg*, 134 Ind. 269;[2] *Brehmer* v. *Lyman*, 71 Vt. 98; *Dobbins* v. *Missouri etc. R. R. Co.*, 91 Tex. 62;[3] *Evansville etc. R. R. Co.* v. *Griffin*, 100 Ind. 221;[4] *Taylor* v. *Haddonfield etc. Turnpike Co.*, 65 N. J. L. 102; *Matthews* v. *Bonsee*, 51 N. J. L. 30; *Parker* v. *Portland Pub. Co.*, 69 Me. 173;[5] *Redigan* v. *Boston etc. R. R. Co.*, 155 Mass. 44;[6] *Moffatt* v. *Kenney*, 174 Mass. 311; *Cusick* v. *Adams*, 115 N. Y. 55;[7] *Gibson* v. *Leonard*, 143 Ill. 182;[8] 2 Shearman and Redfield on Negligence, sec. 705; Cooley on Torts, p. 358.

For the foregoing reasons the judgment and order are reversed, with directions to the trial court to sustain the defendant Union Iron Works' demurrer to the complaint.

McFarland, J., and Lorigan, J., concurred.

Hearing in Bank denied.

[1] 63 Am. St. Rep. 153.
[2] 39 Am. St. Rep. 261.
[3] 66 Am. St. Rep. 856.
[4] 50 Am. Rep. 783.
[5] 31 Am. Rep. 262.
[6] 31 Am. St. Rep. 520, and note.
[7] 12 Am. St. Rep. 772.
[8] 36 Am. St. Rep. 376.