[Civ. No. 1617.    First Appellate District.—July 7, 1915.]

## THOMAS FALLON, Appellant, v. UNITED RAILROADS OF SAN FRANCISCO (a Corporation), et al., Respondents.

NEGLIGENCE — PERSONAL INJURIES — SUFFICIENCY OF COMPLAINT.—The complaint in an action brought by a laborer in the employ of a gas and electric company against such company, a street-railroad company, and the owner of a wagon and team of horses, for damages for personal injuries received from the falling upon him of one of the horses into the trench in which he was working, by reason of the horses becoming frightened at the sparks emitted from an electric welding machine being operated by the street-railroad company, is not subject to demurrer, as to the street-railroad company, for failure to allege that the machine would frighten horses of ordinary gentleness, or that the horses concerned were ordinarily gentle or roadworthy, where it is alleged that such machine was calculated to "scare most horses"; nor is the pleading, as to such defendant, demurrable on the ground that the court judicially knows that a welding machine is not an object naturally calculated to frighten ordinarily gentle horses; nor is the complaint subject to demurrer for failure to allege that the streets at whose intersection the accident happened were open to the public at the time of the accident.

ID.—NEGLIGENCE OF FLAGMAN OF GAS COMPANY — FAILURE TO WARN PLAINTIFF—SUFFICIENT COMPLAINT AGAINST GAS AND ELECTRIC COMPANY.—Such complaint is not subject to demurrer, as to the defend-

ant gas and electric company, whose negligence is alleged to consist in the failure of its flagman stationed at or near the trench to warn the plaintiff in time to have enabled him to avoid the danger, on the theory that no legal duty rested upon the flagman to see that the horses did not take fright at the welding machine, or if they did, to see that they did not injure the plaintiff.

ID.—NEGLIGENCE OF DRIVER OF TEAM—FAILURE TO WAIT TURNING OFF OF ELECTRICITY — SUFFICIENT COMPLAINT AS AGAINST OWNER OF TEAM.—An allegation in such complaint that while the driver of the team did call to have the electric current turned off, "he carelessly and negligently failed to wait to ascertain whether or not his request would be complied with," sufficiently presents the question of the negligence of the owner of the team, and renders the complaint, as to such defendant, sufficient as against demurrer.

ID.—ACTIONABLE NEGLIGENCE—ESSENTIALS.—Three elements are necessary to sustain an action based on negligence,—namely, the existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains, a failure by the defendant to perform that duty, and an injury to the plaintiff from such failure.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Perry Evans, for Appellant.

Wm. M. Abbott, Wm. M. Cannon, and Kingsley Cannon, for Respondent United Railroads of San Francisco.

Wm. B. Bosley, John P. Coghlan, and Wm. B. Hunter, for Respondent Pacific Gas and Electric Company.

Lilienthal, McKinstry & Raymond, for Respondent Prager Company, Inc.

KERRIGAN, J.—This action was brought to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the three defendants.   The trial court sustained the defendants' several demurrers to the complaint as amended, and this appeal is from the judgment rendered in favor of each of the defendants upon plaintiff's refusal to further amend.

As we will have occasion during the course of this opinion
to refer to various allegations of the complaint in their bear-
ing respectively upon the alleged liability of the several de-
fendants, a summary of the allegations of the complaint at
this time will save repetition.

From the complaint it appears that the plaintiff was em-
ployed by the Pacific Gas & Electric Company as a laborer,
and that at the time of the injuries complained of he was
engaged with other workmen in excavating a trench at the
intersection of McAllister and Larkin streets in San Fran-
cisco.   While he was in the trench a two-horse wagon, owned
by the respondent Prager Company, Inc., approached said
intersection.   At the time of the approach of the team of the
defendants, the United Railroads of San Francisco was
operating an electric welding machine near the center of the
intersection of said streets, which, when in operation, emitted
sparks in great profusion for a distance of several feet, and
a brilliant flash of light of a peculiar bluish color calculated,
it is alleged, to frighten most horses.   When abreast of the
trench the team took fright at the sparks or flashes so emitted,
and one of the horses fell into the trench and upon the plain-
tiff, breaking his right collar bone and both of his arms, and
causing him to sustain a severe nervous shock.   At the time
of the approach of the team the driver thereof called to an
employee of the United Railroads to turn off the current,
such employee being stationed at this point for the purpose
of turning on and off the current when necessary.   It is al-
leged that the latter heard the driver call, and had ample
time thereafter to turn off the electricity before the team
passed into close proximity to the welding machine, but that
he carelessly and negligently failed to perform this duty.
At this time, however, the application of the welding machine
to the rails in the street ceased temporarily; and the driver
thereupon, it is charged, carelessly and negligently failed to
wait to ascertain whether or not the electricity had been
turned off, and drove his wagon into close proximity to the
welding machine and alongside of the trench; that the em-
ployee of the United Railroads carelessly and negligently
failed to notice such approach, and thereupon applied the
machine to the rail, causing a shower of sparks and light of
the character above mentioned to be emitted, startling the
horses and causing them to jump, with the result that the

near horse pushed the off horse into the trench and upon the plaintiff. At the time of the accident the Pacific Gas and Electric Co. had a flagman stationed at or near the trench. The plaintiff claims that as the team approached the trench this flagman, neglecting his duty—which was to watch and warn passing vehicles and persons of danger—walked away from his station and had his back turned thereto, and carelessly and negligently failed to turn around, or to look to see if there was any danger likely to arise by reason of the team approaching the trench; and that by reason of such negligent performance of his duty, and in failing to warn the driver in time to prevent the accident, or to warn plaintiff in time to enable him to avoid contact with the falling horse, the flagman was guilty of negligence, and that this negligence contributed to the injury of plaintiff.

Under this state of facts each of the defendants, as is not unusual in such cases, is seeking to be eliminated from the parties responsible for the plaintiff's injuries. We will discuss the causes of action against the different defendants in the order in which they are named in the complaint.

1. The United Railroads. The first point urged by this defendant in support of the judgment is that the complaint fails to allege that the welding machine would frighten horses of ordinary gentleness, or that the horses concerned in this accident were ordinarily gentle or roadworthy. It is argued that allegations of these facts were absolutely essential to the statement of a cause of action, for without the former there could be no negligence, and without the latter no proximate cause. In support of these contentions it is insisted that the rule in this class of cases is that a person is bound only to guard against frightening gentle horses and not those having an aggravated propensity to take fright. (*Piolett* v. *Simmers*, 106 Pa. St. 95, [51 Am. Rep. 496]; *Pittsburgh S. Ry. Co.* v. *Taylor*, 104 Pa. St. 306, [49 Am. Rep. 580]; *Card* v. *Ellsworth*, 65 Me. 547, [20 Am. Rep. 722].) These cases are but an enunciation of the doctrine of foresight of harm. Under certain circumstances the law imputes knowledge of danger, giving rise to the duty of exercising care, and it is upon the violation of this duty that cases of this character are predicated. The plaintiff herein alleges that the welding machine was calculated to "scare most horses." This is a sufficient allegation that it would frighten

ordinarily gentle horses. The contention that the expression "most horses" might mean most horses that were vicious, shy, or skittish, or most horses that were driven upon the streets, is hypercritical and without merit, as is the further contention that the complaint fails to show that most horses upon the streets are ordinarily gentle.

Again it is argued that the injuries sustained by the plaintiff might have been caused by the inherent viciousness of the horses, and as there is no allegation concerning the disposition of either of the horses that the complaint for that reason is defective. The plaintiff herein was not the owner of the team, but his complaint alleges that the acts of the defendant would "scare most horses," and further that the horses were frightened by reason of these acts, and that had the United Railroads refrained therefrom neither of the horses would have become frightened and the plaintiff would not have become injured. Under these circumstances it seems to us that the plaintiff has stated all in this regard that is required.

It is next insisted that the complaint does not state facts sufficient to constitute a cause of action, for the reason that this court judicially knows that a welding machine is not an object naturally calculated to frighten ordinarily gentle horses. Machines of this character are not generally in use upon the streets of the city, and we cannot judicially say that such machines will or will not frighten ordinarily gentle horses.

The complaint is again attacked on the ground that it does not allege that at the time of the injury the streets upon which the accident is alleged to have occurred were open to the public. If the streets were closed to public travel during the operation of the work, and for such reason the defendant was not bound to anticipate the presence of the team, it seems to us that this is a matter that may be set up as a defense, as the presumption is against public streets being closed or unsafe for travel. (Elliott on Streets, sec. 635.)

The contention that the employee of the defendant operating the welding machine owed no duty to the plaintiff to notice the approach of the team, is also without merit. From a reading of the entire complaint it is apparent that the passing of the team close to the welding machine and open trench in the manner recited was an occasion which demanded that the electricity be turned off.

It follows that the demurrer of the defendant United Railroads should have been overruled.

2. Pacific Gas and Electric Company. This defendant disclaims liability on the ground that there was no legal duty upon the flagman to see that horses did not take fright at the welding machine, or if they did take fright, to see that they did not injure plaintiff. It is argued that the welding machine was in the possession and under the control of the railroad company, and that the flagman had no authority to order the electricity turned off, and that any duty to keep it from frightening passing teams was upon the railroad company alone.

An employer is bound to use reasonable care and diligence to prevent accident or injury to an employee, and if he does not he will be responsible for the damages resulting to him, whether the employer undertakes the performance of this duty personally or delegates it to another. (26 Cyc. 1104; *Mullin* v. *California Horseshoe Co.*, 105 Cal. 77, 83, [38 Pac. 535].) This defendant had the flagman on duty at the trench for the evident purpose of warning people of danger. His duty to warn the employees in the trench was as great as that to the public generally. His alleged negligent act was his failure to warn the plaintiff, which it is claimed, had he been attending to his business, he could have done, even after the team became frightened, in time to have enabled the plaintiff to avoid the danger. This opportunity was not dependent upon his control of the machine. It is claimed, however, that even if the flagman did owe to the plaintiff a duty to warn him of danger, that his omission to perform that duty was not the proximate cause of the injury. The proximate cause or causes of the injury here were the frightening of the team, as a result of which the horses jumped aside and fell into the trench. This was a continuous sequence of events, unbroken by any new cause which produced the injury, and to which all of the defendants contributed. We are therefore of the opinion that the sustaining of the demurrer of this defendant was also error.

3. Prager Company, Inc. It is the claim of this defendant that its driver did all that a reasonably prudent man under the circumstances could have done; that he called to the railroad employee to turn off the electricity, and that such employee carelessly and negligently failed to do so, but, on the

contrary, when the team came in close proximity to the machine, he carelessly and negligently applied the machine to the rails, producing the shower of sparks and brilliant flash of light.

The allegation of the complaint with reference to this defendant's negligence is that while its driver did call to have the electric current turned off, he "carelessly and negligently failed to wait to ascertain whether or not his request would be complied with." We think the question as to whether or not this constituted negligence was a question of fact for determination by the court or jury, and that therefore the order sustaining this defendant's demurrer constituted error.

The defendants United Railroads and Prager Company both raise the point of misjoinder of parties defendant. There is no such misjoinder. (*Cordiner* v. *Los Angeles Traction Co.,* 5 Cal. App. 400, [91 Pac. 436]; *Spear* v. *United Railroads of S. F.,* 16 Cal. App. 637, 659, 662, [117 Pac. 956].)

The various counsel for the different defendants have favored us with numerous citations of authorities involving actionable negligence, and under what conditions actions may be maintained. We are particularly referred to *Faris* v. *Hoberg,* 134 Ind. 269, [39 Am. St. Rep. 261, 33 N. E. 1028], cited with approval by Mr. Justice Henshaw in *Grundel* v. *Union Iron Works,* 141 Cal. 564, [75 Pac. 184]. In the Faris case it is said that three elements are necessary to sustain such actions: "The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; a failure by the defendant to perform that duty, and an injury to the plaintiff from such failure of the defendant. When these elements are brought together, they unitedly constitute actionable negligence. The absence of any one of these elements renders a complaint bad or the evidence insufficient." We are satisfied that the views we have expressed are in conformity with this rule.

From what we have said it follows that the judgment should be reversed, with directions to the trial court to overrule the demurrer of each of the defendants. It is so ordered.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 2, 1915.