BISHOP *v.* STEWART, et al.

No. 40895 November 24, 1958 106 So. 2d 899

*Arrington & Arrington,* Hazlehurst, for appellant.

*Henley, Jones & Henley, Young, Daniel & Coker,* Jackson, for appellees, Cecil Stewart and Louisiana-Mississippi Pipe Line Co.

*Watkins & Eager,* Jackson, for appellee, United Gas Corporation.

Gillespie, J.

The trial court sustained a demurrer to the declaration, the plaintiff declined to plead further, the suit was dismissed, and plaintiff-appellant appeals.

The declaration alleges that appellant lives 1000 feet north of the City of Hazlehurst, Mississippi, on the west side of Highway 51. Her husband operates a cafe, service station, and tourist court on the south end of a large commercial lot which lies adjacent to and south of appellant's home lot, the two lots being separated by a row of short posts. The area of the commercial lot between the plaintiff's home lot and the business establishments is vacant and graveled. For five years prior to August 21, 1957, plaintiff frequently passed from her home to her husband's business establishments, both in the daytime and at night, to assist her

husband in his businesses, and during that time used a path which was well worn and noticeably well travelled from appellant's house to where it enters the graveled commercial lot. Plaintiff's husband granted one of the appellees permission to store several large truck loads of long steel pipe of various sizes, and other equipment, on the vacant portion of the husband's commercial lot; and pursuant to this permission, on August 19, 1957, one of the appellees unloaded the several large truck loads of pipe and equipment on the vacant portion of said commercial lot. The steel pipe was stacked about two feet high with the lengths running east and west and blocked the path from appellant's house to the business establishments on the south of the commercial lot, that portion of the path from the house to the commercial lot being "visibly well traveled." Appellees were jointly "in charge of so much of the premises of F. L. Bishop (appellant's husband) as the pipe and equipment stored by them occupied from August 19, 1957, to August 21, 1957," when, after dark, plaintiff started to her husband's business establishments using the path already mentioned. In the darkness she fell over the stacked pipe, broke a bottle of "Pinesol" she was carrying, and was severely injured. It is charged that appellees were negligent by (a) blocking the path which appellees knew, or should have known, was traveled several times daily by plaintiff and others; (b) negligently failing to erect rails or barricades around said pipes; (c) failing to place warnings or lights around said stack of pipes, there being no other lights illuminating the area where the pipe was stacked. It is not charged that the path was a public one.

In view of the conclusions we have reached, it is not necessary to decide whether the appellees were guilty of simple negligence under the allegations of the declaration. We assume, without deciding, that they were. But the declaration does not attempt to charge wilful or wanton negligence.

It is settled law that the owner or occupant of land or premises owes no duty to a licensee entering upon the premises except not to harm him wilfully or wantonly. 38 Am. Jur., Negligence, Sec. 104; Cato v. Crystal Ice Company, 109 Miss. 590, 68 So. 853; Yazoo & M. V. R. Co. v. Mansfield, 160 Miss. 672, 134 So. 577; Kelley v. Sportsmen's Speedway, Inc., 224 Miss. 632, 80 So. 2d 785; Roberts, et al v. Miss. Power & Light Company, 193 Miss. 627, 10 So. 2d 542; Graves v. Massey, 227 Miss. 848, 87 So. 2d 270.

Since no one disputes that the law is as just stated, the only problem in this case is to determine whether the relationship of the appellant to appellees and the premises occupied by appellees is such as to bring the case within the rule. This presents two questions: (1) Whether appellees were such occupants of the premises used by them as to entitle them to invoke the rule, and (2) whether appellant was a licensee.

The declaration alleges that appellees stored several large truck loads of pipe on the vacant portion of the commercial lot whereon appellant's husband operated his business enterprises, and that the appellees "were in charge of so much of the premises of F. L. Bishop as the pipe and equipment stored there by them occupied." The appellees were occupiers of the premises to the extent in area that the pipe and equipment covered. They occupied these premises with permission; the occupancy was lawful.

It is not pertinent to the issue to determine the kind of estate appellees had in the premises occupied by them. It is said on good authority that "Ordinarily, in the absence of a statute fixing a different rule, the occupation of premises without rent and without any certain and definite term being fixed, gives rise to a tenancy at will." Thompson on Real Property, Sec. 1023. But a tenancy at will and a license to occupy, while not identical because a license confers no title or interest in the

land, are of the same nature. Ibid., Sec. 1084. Whether a tenancy at will or a license, the occupancy is lawful, and the distinction is immaterial in determining whether an occupant of premises is entitled to invoke the rule that an occupant of premises owes no duty to a licensee except not to harm him wilfully or wantonly.

"An occupant entitled to invoke the rule need not be an owner or lessee of the premises." 38 Am. Jur., Negligence, Sec. 104. See Anno., 90 A. L. R. 886. There seems to be no authority holding that the extent of the area occupied has any bearing on the question. On the other hand, one permitting, but not inviting, the use of a specific item of equipment, such as a scaffold, has been held entitled to invoke the rule. Arthur v. Standard Engineering Company, 89 App. D. C. 399, 193 F. 2d 903; 32 A. L. R. 2d 408. Other cases holding that the lawful occupier may invoke the rule are Soles v. Ohio-Edison Company, 144 Ohio St. 373, 59 N. E. 2d 138; Lindholm v. Northwestern Pac. R. R. Co., 79 Cal. App. 34, 248 Pac. 1033; Helvich v. George A. Rutherford Co., 96 Ohio App. 367, 114 N. E. 2d 514; and McCann v. Thilemann, 72 N. Y. S. 1076.

■■■ We conclude that, inasmuch as appellees were the lawful occupants of that portion of the lot used in storing the pipe and other equipment, they are entitled to invoke the rule that they owe no duty to a licensee except not to harm him wilfully or wantonly.

■■■ In resolving the question whether appellant was a licensee when she went upon the premises occupied by appellees, it must be kept in mind that her status is determined by her relationship to appellees and the premises they were occupying and not by her relationship to her husband and the property used in his businesses. It confuses the issue to say that, since she was crossing her husband's lot to reach her husband's place of business on the south side of the lot

to perform work for her husband, she was an invitee. The lawful occupation of the premises by appellees, or so much thereof as they did occupy, was independent of the relationship of appellant to the owner, who happened to be her husband, and as one performing services for her husband; and no authority has been cited holding that the rights or status of appellees are in any way altered by the relationship of appellant to her husband, the owner, who gave appellees the right to occupy the premises.

■■■ "A licensee is broadly defined as a person who enters upon the property of another for his own convenience, pleasure, or benefit." 38 Am. Jur., Negligence, Sec. 104. In Cato v. Crystal Ice Company, 109 Miss. 590, 68 So. 853, the Court said: "In this instance, it is not contended that the plaintiff was invited, or that he had any business with the defendant which would give him a legal right to go on the premises."

Invitees are in a more favored position with reference to the duties and liabilities of the owner or or occupier than are licensees and trespassers. There is no allegation the appellant was invited, either directly or impliedly, to go upon the part of the lot occupied by appellees. On the other hand, the declaration plainly shows that she did so for her own convenience solely. Cf. Yazoo & MV. R. Co. v. Mansfield, supra, and Graves v. Massey, supra.

■■■ We conclude that appellant was a licensee.

It should be noted that this case is not one involving a dangerous pitfall or trap, nor one where the possessor or occupier of land creates or maintains thereon an excavation or other artificial condition so near an existing public roadway or other public way, so as to endanger persons traveling the public way. See Standard Oil Co. v. Decell, 175 Miss. 251, 166 So. 379.

■ We recognize the rule that close and doubtful questions of law and right should not be settled on demur-

rer, but in the case before us there is nothing doubtful either as to the status of appellees as occupiers of the property or the purpose of appellant in going upon the part of the premises occupied by appellees.

Affirmed.

*Roberds, Kyle* and *Ethridge, JJ.,* concur. *McGehee, C J.,* and *Hall, Lee* and *Holmes* dissent. *Arrington, J.,* took no part.

McGehee, C. J., Dissenting:

I regret that I am unable to agree with the controlling opinion rendered in this case, but I feel justified in dissenting therefrom because of the unusual factual situation disclosed by the declaration of the plaintiff which I think sufficiently states a cause of action against the defendants.

The declaration alleged that the plaintiff lived on the northern most of two lots owned by her husband fronting on the west side of U. S. Highway 51 just north of the corporate limits of the City of Hazlehurst, that on the southern end of the lot to the south the said F. L. Bishop owned and operated three commercial enterprises to-wit: A cafe, filling station and small tourist court, with the assistance of the plaintiff, Mrs. F. L. Bishop; that there was a plainly visible and well-traveled path between the dwelling house and the commercial buildings which had been used regularly for about five years; that the defendant, United Gas Corporation, obtained permission from the owner of the commercial lot to store some $\frac{3}{4}$ " steel pipe on the *unused* portion thereof and that on the 19th day of August 1957, the defendant, Cecil Stewart, a local resident of Copiah County, acting for and on behalf of the defendant, Louisiana-Mississippi Pipe Line Construction Corporation, and individually, unloaded several large trucks loaded with steel pipe of various sizes and lengths,

and stacked the same approximately two feet high "on the northern end of Mr. Bishop's commercial lot and between the dwelling house of the plaintiff and the commercial buildings of her husband;" that at 8 o'clock P. M. on that date, the plaintiff "was carrying a bottle of 'pine-sol' at the time, and that as she reached *the northern boundary* line of the commercial lot of her husband she stumbled over the pile of ¾" pipe, *negligently* placed so as to block the well-traveled path which she was using," and that the said stack of pipes had been negligently left by defendants unguarded and unlighted and that the plaintiff fell over onto the pile of pipe, and that thereupon the bottle of "pine-sol" was broken and the plaintiff suffered severe injuries and cuts on the palm of her hand and on her wrist, when an artery was severed, and that she was otherwise severely injured. (Italics ours)

Elsewhere in the declaration it is alleged that "the portion of said path passing over the yard of her dwelling house is well worn and is noticeably heavily traveled up to the point where it enters the vacant graveled portion of the commercial lot upon which the business of her husband is located." In effect the declaration alleged that the stack of pipes onto which tthe plaintiff fell was placed along the northern boundary of the commercial lot so as to negligently block the pathway which the plaintiff alleges that she had been using for a period of five years in going from the residence to the commercial places of business to assist her husband in the operation thereof, and that on the occasion in question had started to the tourist court with the bottle of "pine-sol" to clean up one of the rooms therein. This is an allegation of active negligence and not of passive negligence; it charges an act of commission, and not merely of omission insofar as the "blocking of the pathway" is concerned.

It is not claimed that the defendants, United Gas Corporation, Louisiana-Mississippi Pipe Line Construc-

tion Corporation and Cecil Stewart, were more than mere licensees on the premises where they blocked the pathway. From the foregoing statements of facts the plaintiff, in my opinion, had exercised the right, as an invitee of her husband to his places of business to use the pathway from the residence to the same, and there is no contention that this right as an invitee had been revoked to her knowledge at the time of the accident in question.

It is contended by the defendants that the plaintiff was a mere licensee on the premises of her husband and especially as to the particular spot being occupied by the defendants where they had located and stacked the pipes and blocked the pathway which the plaintiff was undertaking to use.

But if it be conceded that the plaintiff was a mere licensee along with all of the defendants, then there is presented the question as to whether or not the defendant licensees had the right to negligently cause injury to the plaintiff licensee.

The trial court sustained demurrers on behalf of each of the defendants, and the plaintiff, having declined to plead further, the suit was dismissed. It is from that action of the trial court that this appeal is taken.

Section 1464, Code of 1942 relating to the sufficiency of a declaration provides: "The declaration shall contain a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition; *and if it contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient*; and it shall not be an objection to maintaining any action that the form thereof should have been different." (Italics ours)

The jury would be entitled to consider the fact that the defendants either knew, or by the exercise of reasonable care should have known, that the permission granted to them by the owner of the lot to stack piles

of pipe on the *unused* graveled portion of the commercial lot, did not confer upon them the right to "negligently" block the pathway at the northern boundary of the commercial lot, and to leave the obstruction unlighted and unguarded during whatever interval they were granted permission to store the pipes on the lot.

It is held in the case of Ross v. Louisville and N. R. Company, 178 Miss. 69, 172 So. 752, that facts which are reasonably and necessarily implied from facts stated must on demurrer be considered as true, and when such facts, together with express averments, furnish sufficient matter of substance for court to proceed on merits, and a meritorious case under applicable law is thus presented, demurrer is unavailing.

In Griffith's Mississippi Chancery Practice, Second Edition, 1950, Sec. 312 at page 297 the principle here involved is succinctly stated as follows: "In accordance with the trend of modern judicial opinion it has been definitely established as a rule by our latest cases that attempt should not be made to settle close and difficult questions of law and right on a demurrer. If the demurrer raise merely a doubtful question or if the case be such that the cause of justice will probably be promoted by a determination of the ultimate right only on answer and proof, the court ought to exercise a fair judicial discretion to that end, although it may be that in technical point the grounds of the demurrer are sustainable in strict law. * * *"

Under the facts alleged no citation of authorities is necessary to support the theory of the plaintiff that the defendants should have reasonably anticipated and foreseen that some injury would probably result from their action in negligently blocking the pathway in question. It was not necessary that the defendant should have reasonably anticipated that the lady would break her bottle of "pine-sol" and cut her hand and sustain an injury in the manner alleged in this declaration but un-

der the leading case of Cumberland Telephone and Telegraph Company v. Woodham, 99 Miss. 318, 54 So. 890, it was said among other things that "* * * It will be sufficient to say that the negligent act of a person, resulting in injury, is the proximate cause thereof, and creates liability therefor, when the act is of such character that, by the unusual course of events, some injury, not necessarily the particular injury, or injury received in the particular manner complained of, would result therefrom, provided the attendant circumstances are such that an ordinarily prudent man ought reasonably to have anticipated that some injury would probably result from the act done. * * *"

Where a wife has continually used a pathway from her residence in going to the commercial enterprises of her husband to assist him in the operation thereof, and he has acquiesed in that practice for a period of five years, no invitation was necessary from him on the particular occasion of this accident, and in the case at bar we have the unusual situation of defendants who are themselves mere licensees invoking the defense that the only duty that they owed to the invitee of the owner of the premises was not to wilfully or wantonly injure her. The circumstances relied upon to determine the technical relationship of the plaintiff and the defendants presents a case of first impression in this state under the peculiar facts and circumstances diclosed by the declaration. The writer of this opinion thinks that it would be odd to say that the wife of the owner of property is either an invitee, licensee, or trespasser. He thinks that she had the right to go across the lot of her husband to assist him in the operation of his business without an invitation from her husband or a license from the defendants who are merely exercising a permissive and temporary use of the property. The mere occupant of the premises for temporary purposes, and not under any lease from the owner, is most assuredly not entitl-

ed to negligently block a pathway previously used by the plaintiff and leave the obstruction unlighted and unguarded. No case is cited and it is doubtful whether any case can be found from any jurisdiction that would entitle one licensee to negligently injure even another mere licensee. Upon an examination of the syllabi of 121 cases mentioned in Words and Phrases, Permanent Edition 25 under the topic of Licensees, no case is referred to therein where the factual situation is similar to that in the case at bar. And, this is likewise true of the numerous cases cited in Words and Phrases, Permanent Edition 22A under the topic of Invitee, except that in the latter volume of Words and Phrases it is said that "A licensee who goes upon premises of another by that others invitation and for that others purpose is no longer a mere licensee but becomes an invitee;" and that to constitute one a mere licensee he must go upon the premises where the injury is sustained for his own convenience, pleasure, or benefit. The plaintiff in the case at bar did not undertake to go upon the vacant lot and cross over the same to the commercial places of business for her own convenience, pleasure or benefit.

*Hall, Lee,* and *Holmes, JJ.,* concur.