357 So.2d 930 (1978)
Michael O'Ryan McGEE
v.
CHARLES F. SMITH & SONS, INC.
No. 50103.
Supreme Court of Mississippi.
April 12, 1978.
Rehearing Denied May 10, 1978.
Tighe & Tighe, B. Stirling Tighe, Jackson, for appellant.
Butler, Snow, O'Mara, Stevens & Cannada, Richard L. Forman, Jackson, for appellee.
En Banc.
SUGG, Justice, for the court:
This is an appeal of a personal injury action brought by Michael O'Ryan McGee from a judgment of the Circuit Court of the First Judicial District of Hinds County finding in favor of the defendant, Charles F. Smith & Sons, Inc. We affirm.
On the night of August 15, 1974 McGee, with several other young people, was a passenger in a jeep vehicle traveling along the levee which begins at the east end of Fortification Street in Jackson, Mississippi, parallels the Pearl River, and turns west  terminating at the City of Jackson maintenance shop on South Jefferson Street. There was a "road closed" sign at the beginning of the levee and several other "posted" or "no trespassing" signs along the route the jeep traveled. McGee and the jeep's occupants were unaware that an excavation had been made through the levee road by Smith who was constructing a sewer line pursuant to a contract with the City of Jackson. The excavation was on City property and through a levee easement granted by the City to a levee district. McGee and the others drove off into a ten foot deep chasm created by the excavation. McGee was thrown from the open vehicle and suffered serious personal injuries when the jeep landed on top of him.
Before the trial McGee made a motion to suppress evidence in anticipation of Smith's defense that McGee was a trespasser at the time of the accident to whom a reduced duty of care was owed. The basis of the motion was that Smith, as one being under contract with the City to lay a sewer line, could not raise the defense that McGee was a trespasser on the City property. The trial court overruled the motion and permitted evidence going to the defense together with instructions charging the jury with reference thereto.
On appeal the sole issue of law presented is whether Smith was entitled to raise the defense that McGee was a trespasser on property where Smith was installing a sewer line under contract with the City.
McGee maintains that White v. Mississippi Power & Light Co., 196 So.2d 343 (Miss. 1967), is controlling. In White we held that *931 "an electric company is not relieved of liability to persons injured by its lines through its negligence ... because the person injured was a trespasser on a third party's land." 196 So.2d at 355-356. There the electric company had strung its lines as a "continuous revocable licensee" on the property of the Illinois Central Railroad Company.
However, Smith did not bear the same relation with the owner of the land as the electric company in White, but was on the City's land with the permission of the City having made the excavation pursuant to a contract with the City.
Under these facts the case of Bishop v. Stewart, 234 Miss. 409, 416, 106 So.2d 899, 900 (1958) applies. We held in Bishop that one who occupies land with the landowner's permission "is entitled to invoke the rule that [he] owes no duty to a licensee except not to harm him wilfully or wantonly." The same reduced duty of care is owed by a landowner to a trespasser. West v. Williams, 245 So.2d 591 (Miss. 1971).
McGee was trespassing on City property. Smith was performing a contract with the City and was occupying the property with the permission of the City; therefore, Smith owed no duty to McGee except to refrain from wilfully or wantonly injuring him.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.