CUMBERLAND TELEPHONE & TELEGRAPH COMPANY *v.* HENRIETTA WOODHAM ET AL.

[54 South. 890.]

1. INJURIES. *Proximate cause. Negligence.*

Where a defendant is negligent and his negligence combines with that of another, or with any other independent intervening cause, he is liable, although his negligence was not the sole negligence, or the sole proximate cause, and although his negligence without such other independent intervening cause would not have produced the injury.

2. SAME.

Negligence resulting in injury is the proximate cause thereof and creates liability therefor, where the negligence is of such a character that, by the usual course of events, some injury, not necessarily the particular injury, or injury received in the particular manner complained of, would result therefrom, provided the attendant circumstances are such that an ordinarily prudent man ought reasonably to have anticipated that some injury would probably result from the act done.

Appeal from the circuit court of Jackson county.

Hon. George S. Dodds, Special Judge.

Suit by Henrietta Woodham et al. against the Cumberland Telephone & Telegraph Company et al., for the death of her husband. From a judgment for plaintiff for twenty thousand dollars defendant appeals.

The facts are fully stated in the opinion of the court.

*Harris & Potter,* for appellant.

The definition of negligence given by Shearman & Redfield (sec. 3), is: ''Negligence, constituting a cause of civil action, is such an omission, by a responsible person, to use that degree of care, diligence and skill which it was his legal duty to use for the protection of another person from injury, as in a natural and continuous sequence, causes unintended damage to the latter. And in section 5, ''A natural and continuous sequence uninterruptedly connecting the breach of duty with the damage, as cause and effect,'' and in section 26, ''The breach of duty upon which an action is brought, must be not only the cause but the proximate cause of the damage to the plaintiff.'' ''The proximate cause of an event must be understood to be that which in a natural and continuous sequence unbroken by any new independent cause produces the event.''

This case falls short of this definition and lacks essential elements stated as being necessary to create a cause of action founded on tort.

The jury here complained of what was not a natural continuous sequence uninterruptedly connecting appellant's conduct with the damage, but was interrupted and broken by the removal of danger in cutting off the power. Appellant's conduct was not the cause, certainly not the *causa causans* of the death. The breach of duty was that of the light plant who alone had the means of making the venture arranged and undertaken by Mr. Woodham safe. An independent intervening cause produced

the injury. Turning on the power was the proximate cause of the injury. Anderson's Law Dictionary defines the proximate as ''The nearest immediate and direct cause; the efficient cause; the cause that sets another or other causes in operation; the dominant cause.'' ''The proximate cause is the dominant controlling one and not those which are mere incidents.'' Words and Phrases.

Mr. Woodham saw and comprehended the danger of the situation that had been brought about by the negligence of appellant; he was then in no danger of personal injury; his only fear was that his house might be burned. In this situation he made arrangements with the light plant and imposed a special duty upon them not to turn on the dangerous current while he undertook to protect his property.

At this time he knew there was no duty that could be performed by appellant, and that his only danger of personal injury was his own imprudence or from gross neglect and a disregard of a high duty by the persons in charge of the light plant, who had impliedly agreed to protect him. He assumed the risk of their injuring him. *Fowles* v. *Briggs,* 40 L. R. A. 528; *Griffin* v. *Light Co.,* L. R. A. 318.

If he then relied upon appellant, who he knew was helpless, to serve him, it was certain personal injury or death to come in contact with the wire, and Mr. Woodham could not rightly take so great a personal risk in order to save his house and his negligence in so doing would be the proximate cause of his injury. *Seal* v. *Ry. Co.,* 65 Texas 274; *Cook* v. *Johnston,* 58 Mich. 437; *Cordiff* v. *Ry. Co.,* Has. 260; *Morris* v. *Ry. Co.,* 148 N. J. 186; *McMonamee* v. *Ry. Co.,* 135 Mo. 440; *Crawley* v. *Ry. Co.,* 70 Miss. 340.

Even if he had been justifiable in attempting to save his house, there was no danger to his person or property that confronted him at the time he voluntarily went into the street to clear it of a live wire, or one that he knew

would be alive and deadly if the power was turned on from the light plant.

The court will see from the evidence that after danger was discovered by Mr. Woodham, and when he was in no danger of personal injury, he called up the electric light plant, told them of the situation and requested that the power be turned off. At this time he knew appellants were helpless to protect him and he engaged the services of the only one who without delay could relieve the situation. Manifestly the light plant management owed him a high degree of care and a duty not to injure him or his property, and Mr. Woodham relying wholly and alone upon them for his protection in his undertaking, and knowing the consequences if they should fail in this duty and turn on the power, cut the wires from his house and after that undertook to remove the same from the street, when the power was (to say the least) negligently turned on and he was killed. Mr. Woodham's conduct and the turning on of the power by the light plant were two independent intervening acts of negligence and the failure of the light plant to observe its plain duty was the proximate cause of the injury.

We call the court's attention to the case of *Cole* v. *German Sav. & L. Soc.*, sec. 63, L. R. A. 416, where the question of intervening cause is discussed and numerous authorities cited. *Tuteen* v. *Hurley*, 98 Mass. 211; *Railway Co.* v. *Quick*, 125 Ala. 553; *Wharfboat Assn.* v. *Wood*, 64 Miss. 661; *Meyer* v. *King*, 72 Miss. 1; *Ry. Co.* v. *Woolley*, 77 Miss. 927. In the case of *Griffin* v. *Light & Power Co.*, 55 L. R. A. 318, the court says: "The limitation of the rule, as we understand it, is that there shall be no intervening human agency which might have averted the injury or furnished protection."

"The relation of cause and effect cannot be made out by including the independent illegal acts of third persons. A man may be justly held responsible for the necessary or ordinary legitimate consequences of his own

99 Miss.—21

acts, and such consequences may include in the chain of causes which connect the original act with the final effect, but he cannot be made accountable for the unauthorized illegal acts of other persons, although his own conduct may have indirectly induced or incited the commission of the acts." *Olmstead* v. *Brown,* 12 Barber 662.

"The test of proximate cause is whether the facts constitute a continuous succession of events, so linked together that they become a natural whole, or whether the chain of events is so broken that the final result cannot be said to be the natural and probable consequence of the primary cause." Words and Phrases.

The maxim of the law here applicable is, that in law the immediate and not the remote cause of any event is regarded, and in the application of it the law rejects, as not constituting the foundation for an action, that damage which does not flow proximately from the act complained of. In other words, the law always refers the injury to the proximate, not to the remote cause. The explanation of this maxim may be given thus. If the injury has resulted in consequence of a certain wrongful act or omission, but only through or by means of some intervening cause, from which last cause the injury follows as a direct and immediate consequence, the law will refer the damage to the last proximate cause and refuse to trace it to that which was more remote. The chief sufficient reason for the rule is to be found in the impossibility of tracing consequences through successive steps to the remote cause, and the necessity of pausing in the investigation of the chain of events at the point beyond which experience and observation convince us we cannot press our inquiries with safety. To the proximate cause we may usually trace consequences with some degree of assurance but beyond that we enter a field of conjecture, where the uncertainty renders the attempt at exact conclusions futile." Cooley on Torts (3d Ed.), p. 99.

"If the original wrong only becomes injurious in consequence of the intervention of some distinct wrongful act or omission by another, the injury shall be imputed to the last wrong as the proximate cause and not to that which was more remote." Coole yon Torts (3d Ed.), p. 103.

"Supposing that, if it had not been for the intervention of a responsible third party, the defendant's negligence would have produced no damage to the plaintiff, is the defendant liable to the plaintiff? The question must be answered in the negative, for the general reason that causal connection between negligence and damage has been broken by the intervention of independent responsible human action. I am negligent on a particular subject matter. Another person moving independently, comes in, and either negligently or maliciously so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a non-conductor and insulates my negligence, so that I cannot be sued for the mischief which the person so intervening directly produces. He is the one who is liable to the person injured. Wharton on Negligence, § 134.

"We do not say that even the natural and probable consequences of a wrongful act or omission are in all cases to be chargeable to the misfeasance or nonfeasance. They are not where there is a sufficient and independent cause operating between the wrong and the injury. In such case the resort of the sufferer must be to the originator of the intermediate cause." *Ry. Co.* v. *Kellogg*, 94 U. S. 469; *Tuten* v. *Hurley*, 98 Mass. 211; *Glassey* v. *Ry. Co.*, 185 Mass. 315; *Andrew & Co.* v. *Kinsel*, 114 Ga. 390; *Williams* v. *Woodward Iron Co.*, 106 Ala. 254; *Raddick* v. *Chemical Co.*, 124 Ill. App. 31; White's Sup.; Thompson on Negligence, § 54; *Cuff* v. *Ry. Co.*, 30 N. J. L. 17; *Afflick* v. *Bates*, 21 R. I. 281.

In the case of *Ry. Co.* v. *Cathey*, 70 Miss. 337, Judge Campbell says: "It is not enough that negligence of the

employer and injury to the employee co-existed, but the injury must have been caused by the negligence; and the fact that injury to an employee accrued after the negligence is not sufficient to show the. relation of cause and effect between them. *Post hoc ergo propter* is not sound as evidence or argument. Nor is it sufficient for a plaintiff, seeking to recover for. alleged negligence by an employer towards an employee, to show a possibility that the injury complained of was caused by negligence. Possibility will not sustain a verdict. It must have a better foundation.''

It appeals to us, an impossible legal proposition, that where a man making a dangerous venture has arranged with a second party for his protection, and that party owing him a duty not to negligently do him harm, flagrantly disregards this duty and thereby produces injury that a third party should be held liable because of an act, then only made dangerous by such negligent act of the second party.

The question of proximate and remote causes are involved and discussed in the foregoing authorities. We feel confident that no case can be found that would justify the holding that the conduct of appellant was the proximate cause of the calamity shown by this record, and that the peremptory instruction asked by appellants should have been given.

*Denny & Denny* and *Alexander & Alexander,* for appellees.

Relying on the definition of negligence that is referred to in appellant's brief, quoted from section 3, Shearman & Redfield: ''Negligence constituting a cause of civil action is such an admission by a responsible person to use that degree of care, diligence and skill which it was his legal duty to use for the protection of another person from injury, as in a natural and continuous sequence causes unintended damage to the latter,'' we will

analyze the acts of the appellant company. We cannot deny that "the breach of duty upon which an action is brought must be not only the cause, but the proximate cause of the damage to the plaintiff." Section 26, Shearman & Redfield (quoted by counsel for appellant). But, "the proximate cause of an event must be understood to be that which in a natural and continuous sequence unbroken by any new independent cause produces the event, and without which that event would not have occurred. Proximity in point of time or space, however, is not part of the definition." This case does not, as counsel contend, fall short of these definitions, or lack any of the essential elements necessary to create a cause of action founded on torts. For any act to be negligent such act or omission must be such as would reasonably produce some damage or injury. The negligence of the defendant company was negligence because the telephone wire, which was constructed and left in a dangerous place, was very likely to and did come into contact with the wire containing a death producing current of electricity.

The event which happened as a result of this negligence, although one which could reasonably have been anticipated and which was the natural and probable result of such negligence as that of the defendant company, should not, as counsel for appellant contend, hold the defendant company liable because the negligence of Mrs. Burnham was an "efficient intervening cause." For an intervening cause to relieve a negligent defendant, it must be an "independent cause" which could "stand alone" as the "sole ground" of the injury, which could not be "reasonably anticipated" as a result of the original negligence, and which must be "extraordinary," "unforeseen," "self-operating" and "so remote that it could be held the direct cause of the injury."

First: Let us discuss the general proposition of intervening causes.

The mere fact that there may have been intervening causes is not sufficient in law to relieve the former from liability. Plaintiff's injuries may yet be natural and proximate in law, although between the defendant's negligence and the injuries, other causes, conditions, or agencies have operated, and when this is the case defendant is liable." 21 Am. and Eng. Ency. Law, p. 490, and exhaustive list of cases cited.

While there are some loose expressions that an "intervening cause" is one that can be anticipated, the expression is not precise. Nothing is better settled than the rule that one is bound to anticipate "negligence, the result—that is the injury to some one in some way with or without concurring negligence, is all that must be anticipated."

It is further noted that it is not necessary to anticipate that the "particular" injury will occur.

"Where an act is negligent, it is not necessary to render it the proximate cause that the person committing it could or might have foreseen the particular consequence or precise form of the injury, or the particular manner in which it occurred, if by the exercise of reasonable care it might have been foreseen or anticipated that some injury might result." 29 Cyc. 495, and cases cited.

"In order to relieve the defendant from liability, the intervening act must be the sole cause of the injury to plaintiff." *Quill* v. *N. Y. C. & H. R. R. R. Co.,* 16 Daley (N. Y.) 313.

Further, courts have said that the intervening act of negligence must be of an "unusual, unexpected, extraordinary character." *Schwartz* v. *Achill,* 45 W. Va. 405; *Carter* v. *Towne,* 103 Mass. 505; *Moore* v. *Brown,* 11 N. Y. 318.

"It will be the same even if defendant's negligence is a condition instead of an act, and if the negligence of defendant supplied conditions, by which the subsequent act, the occurrence of which might have been foreseen,

was dangerous and hurtful, the defendant is liable.''
*Meade* v. *Chicago, etc., R. R. Co.,* 68 Mo. App. 92; *Lundeen* v. *Livingston Electric Railroad Co.,* 17 Mont. 72; *Detzur* v. *Stroh Brewing Co.,* 111 Mich. 282; *Wilder* v. *Stanley,* 65 Vt. 145; *Postal, etc., Tel. Co.* v. *Zofti,* 93 Tenn. 369.

"The test is not to be found in the number of intervening acts, but in their character, and in their natural connection between the wrong done, and the injurious consequences, and if the result is attributable to the original negligence, which might have reasonably been foreseen as probable, the liability continues.    29 Cyc. 499, and cases cited.

"Such new force must be sufficient to stand alone as the cause of the injury.''    *Peoria* v. *Adams,* 72 Ill. App. 662.   See *Yazoo City* v. *Birchett,* 89 Miss. 700, on "proximate cause: "The primary cause may be the proximate cause of a disaster, though it may operate through successive instruments, as an article at the end of a chain, or as the oft cited case of the squib in the market place.'' *Milwaukee, etc., R. R. Co.* v. *Boon,* 95 U. S. 177, 24 L. Ed. 395.

"The inquiry must therefore always be, whether the efficient cause if such there was, was disconnected from the primary cause and self-operating, which produced the injury.''    *Milwaukee Electric Co.* v. *Kellogg,* 94 U. S. 469, 24 L. Ed. 256.

"The test is, was it a new and independent force, acting in and of itself in causing the injury, and superseding the original wrong complained of.''    *Insurance Co.* v. *Tweed,* 7 Wall. 44, 19 L. Ed. 65.

"There is indeed no better rule settled in the present connection than that in order to render defendant liable his negligence need not be the sole cause of the injury.'' 21 Am. and Eng. Ency. Law, pages 495 and 496, and cases cited.    29 Cyc., pages 487 and 488.

If, as we contend the negligence of the Burnham plant was only a concurring act of negligence, the defendant company will be held liable.

When two negligent acts concur to produce an injury both or either are liable. *L. N. A. & T. R. R. Co.* v. *Lucas,* 6 L. R. A. (N. S.) 193, and notes; *Village of Carterville* v. *Cook,* 4 L. R. A. 721.

"If I am guilty of negligence in leaving anything dangerous in a place, where I know it will be probable that some other person will unjustifiably set it in motion to the injury to a third person, and if that injury be brought about, I presume that the sufferer will have redress by action against both or either of the two, but unquestionably against the first."

Says the court in *Lynch* v. *Nurdin,* 1 Q. B. 39: "And even in cases where the negligence of both parties was necessary to produce the injury, in such cases neither can be relieved from liability on the ground that his negligence was not the proximate cause. In cases of combined negligence each party guilty of negligence, is liable for the result." 77 Texas 360; *Webster* v. *Hudson River R. Co.,* 38 N. Y. 260; *Ricker* v. *Freeman,* 50 N. H. 432.

"In cases where the injury was the result of two concurring causes one party is not exempt from liability, although another party was equally liable." *Lake* v. *Williams,* 62 Me. 243, 16 Am. St. Rep. 456.

"Where an act unlawful in itself, the wrongdoer may be liable, even though other causes may have arisen that contributed to the injury. Where such an act is done from which an injury may be reasonably expected to result, when the injury occurs, it will be traceable back to the original negligent act, and hold the original wrongdoer liable. *Weick* v. *Lander,* 75 Ill. 96.

"The proximate cause of an injury is that which immediately causes, and without which the injury would not have happened, notwithstanding other omissions or

causes concurred therewith.'' *Miller* v. *Kelley Coal Co.,* 145 Ill. App. 452.

''Negligence is the 'proximate cause' of an injury, if it appears that the injury would not have happened but for the negligence.'' *Yeates* v. *I. C. R. R. Company,* 89 N. E. 338.

''And need not be the nearest cause in the matter of time.'' Ib.

We have at some length discussed the general rule governing ''intervening causes'' to show the tendency of the courts in determining what negligent acts intervening would relieve original defendants from liability. At this time it is needless to discuss this case in the light of these authorities further. However, we will add that whether or not an act is the proximate cause of an injury is for the jury to determine unless the evidence in the case will clearly and beyond a doubt show that the intervening act was alone the cause of the injury, and not such an act as could be reasonably anticipated and foreseen, etc.

''The true rule is, what is the proximate cause of an injury is ordinarily for the jury. It is not a question of science or legal knowledge. It is to be determined as a fact from the circumstances of fact attending it.'' *Milwaukee, etc., R. R. Co.* v. *Kellogg,* 94 U. S. 469, 24 Law Ed. 256; *Mo. P. R. Co.* v. *Moseley,* 6 C. C. A. 641, 57 Fed. 925. See, also, *Reed* v. *Evansville, etc., R. R. Co.,* 53 Am. St. 391; *Isham* v. *Dow,* 67 Am. St. 691.

In order to get before the court our contentions and constructions of the facts as set out in this record, to show that the act of the electric company was not such an intervening efficient cause, as to relieve appellants, we cite herewith certain cases of fact, which have been held not to be ''efficient intervening causes.'' *Brown* v. *C. & O. R. R. Co.,* 123 S. W. 298; 1907 Am. Digest, p. 3702, 99 S. W. 181; *Rolluston* v. *Cassier & Co.,* 59 S. E. 442; *Hughes* v. *Harbour Suburban Bldg. & Sav. Assn.;*

see especially *Yazoo City* v. *Birchett,* 89 Miss. 700, 115
N. V. S. 320; see vol. 6, Key Number Series, Am. Di-
gest, 1777.

The case of *Cole* v. *German Savings & Loan Society,*
63 L. R. A. 416, so strongly relied upon by counsel for
appellant, is clearly not in line with the case at bar.

In order to illustrate our contention further, we have
endeavored to collect similar and almost identical cases
to the one involved, and herewith cite a few electrical
cases which alone should control this court's decision.
*Damenhower* v. *Western Union Tel. Company,* 218 Pa.
216; Am. Electrical cases, vol. 9, p. 1063; *Toledo R. R.
Company* v. *Rippon,* 20 Ohio St. Rep., p. 561; 9 Am.
Electrical cases 527, 141 Mich. 298; *Citizens .Telephone
Co.* v. *Thomas,* 45 Tex. App. 20; Ib., vol. 9, Am. Electrical
cases, 952 *et seq.;* *Home Telephone Company* v. *Fields,*
150 Ala. 306; *Ahern* v. *Oregon Telephone Company,* 24
Ore. 276; *City Electric St. R. R. Co.* v. *Connery,* 61 Ark.
381; *Twist* v. *Rochester,* 55 N. Y. Supp. 850; *San An-
tonio Gas, etc., Co.* v. *Speegle,* 60 S. W. 884; *Herbert*
v. *Lake Charles Ice & Waterworks Co.,* 64 L. R. A. 101,
11 La. 522; *Harrison* v. *Kansas City Electric Light Co.,*
7 L. R. A. (N. S.) 293; see L. R. A., vol. 24 (N. S.) 978;
*Smith* v. *Mo. & Kan. Tel. Co.,* 113 Mo. App. 429.

We wish especially to call the court's attention to this
essential fact that the telephone company was fully
aware, not only that the telephone wire was in close
proximity to the electric light wire, but they knew that
it had actually come into contact with the heavily charged
light wire. See the testimony of Miss Gertrude Fellows
(Rec., page 68). Not only did the company therefore
allow its wires to remain dangerous and its poles to re-
main rotten, but took no steps whatever to prevent the
injury after full knowledge that the wires were crossed.
Surely it was sufficient negligence for the company to
allow wires day in and day out to remain so negligently
constructed and in such close proximity to the light wire,

but it was an act of gross negligence not to use every means in their care to prevent the injury after they had full knowledge of the contact between the wires.

We feel confident that the cases which we have cited and the excellent list of cases included in the note to the case of *Seith v. Commonwealth Electric Company*, 24 L. R. A. (N. S.) 978, will justify the holding that the defendant company is liable as shown by this record.

We again remind the court that in this case the question of proximate cause was left to the jury, and was a question of fact, but in any event the peremptory instruction asked by appellants should not have been given, and that under the general principles of law applicable in such cases, this case should be affirmed.

SMITH, J., delivered the opinion of the court.

This suit was instituted in the court below by appellees to recover from appellants, Cumberland Telephone & Telegraph Company and Mr. Renfroe, its manager, damages for the death of Mr. R. A. Woodham, the husband of Mrs. Henrietta Woodham and the father of the other appellees. From a judgment in appellee's favor, this appeals is taken.

Appellant company was operating a telephone system in the town of Escatawpa, and Mr. Woodham, a resident thereof, was one of its subscribers. Mr. H. M. Burnham owned an electric light plant that supplied lights for this town. Mr. Woodham's residence was on Straight street, and the primary electric light wire of the electric light plant ran along the same side of the street on which his residence was situated. The line of the telephone company was on the opposite side of the street, having one of its posts across the street, and nearly opposite Woodham's residence. From this post the telephone line crossed the street above the electric light wires, and entered the residence of Mr. Woodham. The distance between these wires was variously estimated at from three

to twenty inches. This telephone pole had become very much decayed at the surface of the ground, and on the occasion in question, there having been some rain and wind, broke at the ground, and the telephone wires and the light wires came in contact, thereby creating a short circuit to the Woodham telephone. Mrs. Woodham, hearing a sharp snapping and seeing flashes of fire from the dining room, where the telephone was located, had her husband called; and he, seeing the danger, at once notified the electric light people of the situation, and requested that the lights be cut off, so that he might remedy the matter. This was done, and thereupon Woodham cut the wires from his house, and was attempting to clear his yard and the street thereof, when the current was again turned on, at the instance of the wife of the proprietor of the electric light plant, the proprietor himself being absent, and he received a shock by which he was immediately killed. Appellants had no control over the electric light plant, and had nothing to do with the turning on of the current. In this state of facts, appellants contend that they were entitled to the peremptory instruction in the court below, on the ground that their neegligence was not the proximate cause of Mr. Woodham's death, but that the proximate cause of his death was an intervening independent act of negligence on the part of a third person, to wit, the turning on of the electric light current without warning Woodham after it had been, at his request, cut off.

Without attempting to define proximate cause in such terms as will be applicable to all states of fact—for to do so is practically impossible—it will be sufficient to say that the negligent act of a person, resulting in injury, is the proximate cause thereof, and creates liability therefor, when the act is of such character that, by the usual course of events, some injury, not necessarily the particular injury, or injury received in the particular manner complained of, would result therefrom, provided the

attendant circumstances are such that an ordinarily prudent man ought reasonably to have anticipated that some
injury would probably result from the act done.   In
order that a person may be liable for damages resulting
from his negligence, it is not necessary that his negligence should have been the sole cause of the injury.  His
negligence may be the proximate cause, where it concurs with one or more causes in producing an injury,
and, although the author or authors of such cause or
causes may also be liable therefor.   29 Cyc. 492-496, inclusive, and authorities there cited.   "If a defendant is
negligent, and this negligence combines with that of another or with any other independent intervening cause,
he is liable, although his negligence was not the sole negligence, or the sole proximate cause, and although his
negligence, without such other independent intervening
cause, would not have produced the injury."   *Susie B.
Harrison* v. *Kansas City Elec. Light Co.,* 195 Mo. 606,
93 S. W. 951, 7 L. R. A. (N. S.) 293.

It is true that appellants could not have anticipated
that the particular injury complained of would have resulted from their negligence, or that the injury would
have occurred in the particular manner in which it did;
but they could, and ought reasonably, have anticipated
that some injury would result therefrom.   When the telephone wires came in contact with the electric light wires,
the necessary result thereof was that electricity of dangerous power might be conducted into the residence of
Mr. Woodham.  That the light wires were not charged
with the current at all times, and that the current was
turned off and then on again by the owner of the electric light plant, after a discovery of the condition brought
about by appellant's negligence, is immaterial.   The
fact that the current was turned off and then on again
relates simply to the question of Woodham's contributory negligence.   It may be that appellant's negligence
is not the sole cause of the death of Mr. Woodham, but

by it a condition was brought about dangerous to both life and property, and which, combined with the negligence of another, did cause the death of Mr. Woodham. It is true that where the negligent act of a defendant is simply the *causa sine qua non*, and the negligence of a third person is the *causa causans* of an injury, such defendant is not liable in damages therefor; but where the negligence of a defendant results in a condition dangerous in itself, such as an ordinarily prudent person ought to have anticipated might occur, he is liable for any damage resulting therefrom, even though the particular injury complained of would not have resulted, had not the negligence of a third person combined with his.

Through the negligence of appellants, Mr. Woodham's residence was about to be destroyed, and members of his family were in danger of being injured by coming in contact with wires charged with electricity. It became necessary to quickly remedy this situation, and in attempting to do this, which he had a perfect right to do, and ought to have done, provided he exercised due care in so doing, Mr. Woodham was killed. The fact that the danger was temporarily removed, when the current was turned off, did not relieve appellants of the effect of their negligence. If Woodham had not succeeded in removing the wires, and his residence had burned, or some member of his family had been injured when the current was turned on, appellants would, of course, have been responsible for the damage resulting therefrom. It could not, in that event, have been said that the negligence of appellants was not the proximate cause of the injury. How, then, can it be said that their negligence was not the proximate cause of the injury received by Woodham in attempting to remove the danger to his property and family, occasioned by their negligence? Should authorities other than those hereinbefore cited be required to sustain the foregoing views, they will be found collated in the briefs of counsel.

The court committed no error in refusing a peremptory instruction requested, and the judgment is affirmed.

*Affirmed.*