GOLDEN SAW MILL CO. *v.* JOURDAN.

(Division A.   March 24, 1930.)

[127 So. 287.   No. 28452.]

W. C. Sweat, of Corinth, for appellant.

816

**J. A. Cunningham,** of Booneville, for appellee.

Argued orally by **W. C. Sweat**, for appellant.

**Smith, C. J.**, delivered the opinion of the court.

The appellee sued, and obtained a judgment against, the appellant for having negligently caused the death of her seven year old son.

The appellant's complaint is that the court below should have granted its request for a directed verdict.

The appellant is engaged in the sawing of lumber, and owns a number of houses situated near its mill, which are occupied by its employees and their families. In 1923, there was left on its premises, by a painter who had been employed to paint the roofs of these houses, a steel drum in which some paint—some of the ingredients of which were coal tar, creosote, and gasoline—still remained. The property at that time was not owned by the appellant, but was acquired by it shortly thereafter. The children of the community were accustomed to play around or near this drum, having a playhouse, the character of which does not appear, very close to it. In 1925, several children, while playing around it, knocked the cap from its bunghole, for the purpose of obtaining paint from the drum, when the pent-up gases therein exploded, scattering some of the gas over the children and burning them painfully, but leaving no permanent injury. This occurrence according to the evidence for the appellee, was

immediately reported to the appellant's superintendent or manager, who was fully informed as to what had occurred and was asked to remove the drum, which he promised, but failed, to do. The manager denied that he was informed of this occurrence, and stated that he did not hear of it until after the injury here in question was inflicted. The premises were not inclosed, and the drum was in plain view of the mill and the street, being only a short distance from each.

The appellee was living in one of appellant's houses, the back door of which was only a few yards from this drum and the children's playground. On August 7, 1927, several children among whom was the appellee's son, were playing there. A witness, who was only a few feet therefrom, stated that he heard some one strike a match, and immediately afterwards an explosion occurred which hurled the drum into the air, scattering its contents over the appellee's son, inflicting such injuries on him as resulted in his death.

The appellant's main contentions are: First, that it can be held liable only under the attractive nuisance doctrine, and that this drum was not a thing that can be held so attractive to children as to induce them to play with, or about, it; and, second, the proximate cause of the injury to the appellee's son was not the negligence, if any, of the appellant in leaving the drum where children were accustomed to play, but was the striking of a match by one of the children which ignited the gas generated by the paint, thereby causing the explosion.

The case is not an ordinary attractive nuisance doctrine case, and the appellant's liability does not depend wholly thereon. The paint drum was on the premises of the appellant at a place where children were accustomed to play, and children had been injured by an explosion of gas generated from or by the paint left therein, which fact the jury was warranted in believing was known to the appellant. If known to the appellant, it should have an-

ticipated that children would probably again play with, or near, the drum and be injured by another explosion of its contents. That the injury here in question was inflicted in a somewhat different manner from that on a former occasion, in that the former explosion seems to have been spontaneous while the one here was caused by the lighting of a match, is of no consequence, for the explosion was from the same primary source. Cumberland Tel. Co. v. Woodham, 99 Miss. 318, 54 So. 890; Terry v. N. O. G. N. R. R. Co., 103 Miss. 679, 60 So. 729, 44 L. R. A. (N. S.) 1069. To keep an explosive substance where children are accustomed to play and are liable to be injured thereby is negligence. McTighe v. Johnson, 114 Miss. 862, 75 So. 600; Hamblin v. Gano (Miss.), 76 So. 633; Hercules Powder Co. v. Wolf, 145 Miss. 388, 110 So. 842.

There might be some merit in the appellant's second contention, if the appellee's son had not been a child, as to which we express no opinion, for it can have no application here. If sound, it would bar a recovery in all attractive nuisance cases. The duty which the law imposed on the appellant of not leaving the paint drum where children were accustomed to play was to guard against their being injured by its contents while at play.

The appellee has filed a cross-assignment of errors, but no complaint is therein made of the amount of the verdict; all of them relate to the question of liability. The errors here complained of, if errors in fact they be, resulted in no harm to the appellee, and therefore cannot be here considered. We are asked to pass on this cross-assignment of errors for the reason "that there is another case growing out of the same explosion to be tried before another court." To comply with this request would result in our giving a mere advisory opinion, and this we must decline to do.

Affirmed.