207 So.2d 636 (1968)
Vernon HOLIFIELD, Administrator of Estate of Benton F. Holifield, Deceased
v.
NESTER CHEVROLET COMPANY, Inc., Elmer Hards and Johnny Watkins.
No. 44756.
Supreme Court of Mississippi.
February 26, 1968.
Goode Montgomery, Jr., Gartin, Hester & Pickering, Laurel, for appellant.
Warner Beard, Jr., Melvin, Melvin & Melvin, Laurel, for appellee.
BRADY, Justice:
This tort action originated in the Circuit Court of the second judicial district of Jones County. At the close of the appellant's evidence appellee Nester Chevrolet Company requested and received a directed verdict. From this adverse ruling and judgment thereon this appeal is taken.
*637 Briefly stated the facts are as follows. The appellee's wrecker was dispatched to tow a disabled van truck loaded with tires. The truck had stopped approximately 2.5 miles north of Laurel, Mississippi, on U.S. Highway 11. There is conflicting testimony as to whether the truck stopped on the shoulder of the highway or in a driveway leading from the west side of the highway. The record definitely establishes the fact that the hookup was effected by backing the rear of the wrecker to the rear of the truck and attaching two towing cables while the truck was in the driveway.
Highway 11 runs north and south. The driveway on which the vehicles were located angles off the southbound lane of the highway. The record discloses that the driveway slopes to the west from the highway proper at a ratio of two feet one inch for the forty-five feet of right-of-way.
After the hookup was accomplished and the disabled vehicle raised in the driveway, the wrecker, with the truck in tow, negotiated the turn and moved into the southbound lane of traffic where it stopped. At this point the driver of the wrecker elevated the back of the truck by raising it two or three inches, and tied the steering wheel of the truck. According to appellee's testimony the steering wheel had been left untied in order to facilitate the negotiation of the turn caused by the driveway angle. There is, however, testimony by two competent wrecker service men relating that the turn could have been negotiated with the steering wheel tied when the truck was in the driveway. It was testified to on behalf of appellant that the truck elevation of two or three inches could have been accomplished while the truck was in the driveway without endangering its movement onto the highway.
The record discloses that the wrecker's flashing beacon was operating at the time. There is testimony that another employee of appellee was using a flashlight in flagging southbound traffic to a halt. This fact, however, was disputed by one witness for appellant. There is testimony that subsequent to the time the appellee stopped on the highway a number of southbound vehicles were impounded behind the tire truck. Mrs. Sato testified that she saw the lights of the cars when she was approximately two hundred yards from the wrecker. The cars in the southbound lane were delayed in passing the wrecker to such an extent that she cut off the ignition of her car. It took her ten or fifteen minutes to move to a position directly behind the tire truck. At the time of the accident there were two vehicles in line behind the wrecker, the Dodge automobile being driven by Mrs. Sato and a Viking truck. Mrs. Sato further testified that she had to remain behind the wrecker an additional ten to fifteen minutes. She was never able to go around the wrecker and proceed southwardly toward Laurel.
While these two vehicles were located in the southbound lane behind the tire truck, a white Chevrolet was proceeding past the congested area in the northbound lane. Foldowing the Chevrolet was the Volkswagen driven by the deceased, Benton Holifield. As the two vehicles traveling northward were proceeding cautiously past the congested area, a Plymouth Valiant, the driver of which was apparently intoxicated, rammed into the rear of the Holifield car. The impact drove the deceased's automobile into the Viking truck with considerable force. As a result of the injuries received in the collisions, Mr. Holifield later died.
There are but two determinant issues involved in the disposition of this cause. The first issue is whether or not the appellee, Nester Chevrolet Company, was guilty of negligence in stopping and making adjustments on the highway. In passing on a motion for a directed verdict the trial court must look solely to the testimony in behalf of the party against whom the verdict is requested. The motion should be denied if, taking the testimony as true along with all reasonable inferences which could be drawn favorably to such party, it would support a verdict for him. This rule of law is so basic that this Court feels it is unnecessary to cite supporting authority.
*638 Construing the testimony favorable to the plaintiff as true, the record clearly shows that the appellee's wrecker was on the highway between ten and thirty minutes. The wrecker driver testified that the time required to make the adjustments was approximately two minutes. This raises an issue of fact as to whether appellee was negligent in remaining on the highway for the additional length of time. There was credible testimony that all adjustments, including tying the steering wheel, could have been accomplished in the driveway prior to pulling into the highway. This also raises an issue of fact as to whether or not the appellee was negligent in not completing his adjustments in the driveway. There was testimony as to the width and slope of the road shoulder which poses an issue of fact as to the negligence of the wrecker driver in not pulling over on the shoulder of the road to make any adjustments. One witness for appellant testified that appellee did not have a flagman present at the rear of the truck directing traffic. This raises an issue of fact as to the presence or absence of a flagman.
From a careful reading of the record it becomes apparent that there are other issues of fact which this Court finds it unnecessary to consider in view of the foregoing instances. As a result, it appears that there were material issues of fact presented relating to appellees' negligence which would fall solely within the province of the jury for determination. Apparently the able trial judge felt that the gross negligence of Mr. Green, the driver of the Valiant, per se was sufficient to constitute an intervening, independent or sole proximate cause.
The Court now directs its attention to the second issue in this cause, which is whether or not appellee Nester Chevrolet Company was guilty of negligence which proximately caused or contributed to the wreck and attendant injuries and death. The appellee contends that the car which struck Holifield from the rear constitutes an independent, intervening force which exculpates the appellees from any negligence on their part and that they are entitled to a directed verdict on that issue. In support of this contention they rely on Stewart v. Kroger Grocery, etc., Company, 198 Miss. 371, 21 So.2d 912 (1945) and Mississippi City Lines, Inc. v. Bullock, 194 Miss. 630, 13 So.2d 34, 145 A.L.R. 1199 (1943). The appellant asserts that the act of the driver in ramming Holifield's car was not an independent, intervening force but was rather a negligent act which was concurrent with the negligence of the appellee and that both forces combined to produce the death of Holifield. In Short, appellant contends that both negligent acts were the proximate cause of the injury, and this issue can be decided only by a jury. In support of his contentions the appellant relies on Continental Southern Lines, Inc. v. Klaas, 217 Miss. 795, 63 So.2d 211, 65 So.2d 575, 833, 67 So.2d 256 (1953), Gulf Refining Company v. Brown, 196 Miss. 131, 16 So.2d 765 (1944), and Cumberland Telephone & Telegraph Company v. Woodham, 99 Miss. 318, 54 So. 890 (1910).
The cases relied on by appellant more accurately state the rules of law as applicable to the present set of facts. The jury should have been allowed the opportunity to determine whether the combined negligence caused the accident or if the negligence of the driver of the car which struck Holifield was the sole proximate cause of the accident.
In Gulf Refining Company v. Brown, supra, we said:
(B)ut he (Gulf's employee) should have reasonably anticipated the happening of the intervening event which transpired to cause an injury in the instant case, since he was required under the law to anticipate the approach of other vehicles from the rear at any moment.
* * * it being clearly shown that the presence of the Stewart (Gulf's employee) car continued to be a factor in bringing about this needless tragedy. (196 Miss. at 148-149, 16 So.2d at 769.)
*639 In Continental Southern Lines, Inc. v. Klaas, supra, a bus pulled off the road to pick up passengers, leaving a portion of the bus on the highway. A truck behind the bus, while trying to stop, lost control and moved into the flow of traffic in the other lane, inflicting injuries on passengers in an automobile traveling in the opposite direction. We said in that case:
The action of the bus driver in bringing his bus to a stop partly on the paved and main traveled portion of the highway under the conditions testified to by the witnesses represented an active and unseen force which set in motion the acts of * * * Lawyer Partee (the truck driver) which finally resulted in the negligent injury and wrongful death of the plaintiffs' decedent. (217 Miss. at 829, 65 So.2d at 587.)
In Cumberland Telephone & Telegraph Company v. Woodham, supra, we said:
In order that a person may be liable for damages resulting from his negligence, it is not necessary that his negligence should have been the sole cause of the injury. His negligence may be the proximate cause, where it concurs with one or more causes in producing an injury, and, although the author or authors of such cause or causes may also be liable therefor.
* * * where the negligence of a defendant results in a condition dangerous in itself, such as an ordinarily prudent person ought to have anticipated might occur, he is liable for any damage resulting therefrom, even though the particular injury complained of would not have resulted, had not the negligence of a third person combined with his. (99 Miss. at 333-334, 54 So. at 891.)
In support of our conclusions, we point out that it was not essential that the appellees anticipate that Mr. Green would be driving in an intoxicated condition, but it was reasonable for the appellees to anticipate that someone operating an automobile at an excessive rate of speed would drive north on Highway 11 when the southbound lane was blocked and traffic congested. This one stern fact remains. After Mr. Green grossly rammed into deceased's Volkswagen, that Volkswagen was catapulted into the wheel and side of the Viking truck which had been forced to stop on the highway behind appellee's wrecker. To our minds it is inescapable that the negligence of the appellees blended with the negligence of Mr. Green, and Mr. Green's negligence was not an independent, intervening cause of the wreck and the attendant injuries and death.
From the foregoing we conclude that it was solely within the province of the jury to decide whether appellee's stopping on the highway was a condition dangerous in itself and constituted negligence. The jury also should have decided if appellees could have reasonably anticipated that an accident could occur as a result of stopping in the highway. The jury should have been permitted to decide if the proximate cause of the accident was the negligence of appellees and Mr. Green. If the sole proximate cause of the accident and the injuries and death caused thereby resulted from the ramming of Holifield's car from the rear, the jury alone should make this determination.
In view of all the evidence and our decisions herein cited, it is the opinion of the Court that the trial court erroneously granted the appellees' motion for a directed verdict. Therefore, we are compelled to reverse and remand the cause. On a retrial, in the absence of an agreed stipulation, caution should be exercised so that opinion evidence will not be elicited from the patrolman or other officers. Schumpert v. Watson, 241 Miss. 199, 129 So.2d 627 (1961); Carruth v. Griffis, 220 Miss. 541, 71 So.2d 478 (1954).
Reversed and remanded.
GILLESPIE, P.J., and JONES, INZER and ROBERTSON, JJ., concur.