ROBERTSON, Justice.
This suit was brought by Dolphus Griffin on behalf of himself; his wife, Erlyne Griffin; and their two minor sons under the wrongful death statute against Sandra Harkey, a minor, and Jesse Harkey, her husband and next friend, in the Circuit Court of Jackson County for damages for the death of Elizabeth Rose Griffin, the seven-year-old daughter of the Griffins, which resulted from an automobile collision.
When the plaintiff rested his case, defendant moved for a directed verdict, and the trial judge sustained this motion. The appellant assigns as error the action of the trial judge in directing a verdict for the appellees.
About 7 A.M. on October 13, 1966, the appellant, Erlyne Griffin, was driving her Chevy II station wagon south on Martin Bluff Road toward its intersection with U. S. Highway 90. Her minor son and daughter were on the backseat. There were two stop signs on the right side of Martin Bluff Road, one at its intersection with Highway 90, and the other about fifteen feet north of the intersection. Highway 90 at this point is a four-lane concrete highway running east and west with a median strip between the eastbound and westbound lanes. The posted speed limit on Highway 90 was 65 miles per hour.
Mrs. Griffin testified that as she proceeded south and approached the first stop sign on Martin Bluff Road she shifted to second gear and applied her brakes. Martin Bluff Road is a paved asphalt road and was wet from an earlier rain. She stated that her brakes locked but her wheels skidded on some loose slag and her car went past the second stop sign and into the intersection of Martin Bluff Road and Highway 90. According to Mrs. Griffin, she noticed the car of the appellee, Sandra Harkey, when she, Mrs. Griffin, applied her brakes at the first stop sign. She stated that the Harkey car was about 1500 feet east on Highway 90 and that as her car skidded into the intersection that the Har-key car was about 800 feet east of the intersection.
As the front end of the Griffin station wagon reached the passageway through the median strip, the Harkey automobile, traveling west on the inside lane of Highway 90, collided with the left rear of the station wagon. The impact caused the minor daughter of the Griffins to be thrown out of the station wagon.
There were only three eyewitnesses to the accident: Sandra Harkey, the driver of the 1966 Chevrolet Impala; Mrs. Erlyne Griffin, the driver of the Chevy II station wagon; and Walter L. McVeay, IV, who was standing in Earl Bond’s parking lot on the south side of U. S. Highway 90 at its intersection with Martin Bluff Road.
McVeay, called as a witness by the plaintiff-appellant, testified:
“I was waiting on my ride and I looked up Martin Bluff Road and there was a car coming down the road, and I looked away, and when it got about forty feet from the highway, I looked back up and *868 it come out and it slowed down and it cut its speed and it slowed down and come up on the highway, and when it got approximately in the middle of the highway, I saw a car coming from the east. It was about thirty feet from the car crossing the highway. And when they were about five feet apart, I saw they were going to hit and I put my head down and said, ‘Oh, my God!’ ”
McVeay was asked what Sandra Harkey could have done to have avoided the accident, and he answered, “From the time I saw 'her, nothing.”
The appellant charged in his amended declaration that Appellee Sandra Harkey was driving her vehicle at an unsafe and reckless rate of speed under the conditions then prevailing, that she failed to decrease her speed as she approached the intersection, that she failed to have her vehicle under control, failed to maintain a proper lookout at all times, and that she made no effort to stop her vehicle or move over into the northernmost lane of the two westbound lanes in order to avoid colliding with the Griffin vehicle.
We have carefully studied the record, and there was no testimony to prove any of these allegations of negligence. There was not even a scintilla of evidence unless it can be said that Mrs. Griffin’s statement-— that she saw the Harkey automobile 1500 feet east on Highway 90 when she, Mrs. Griffin, approached the first stop sign on Martin Bluff Road, and that as she, Mrs. Griffin, skidded into the intersection that the Harkey automobile was still 800 feet east of the intersection — would constitute such a scintilla.
Mrs. Griffin testified that she “was knocked completely out of the car and unconscious enough that I wouldn’t recall anything,” but apparently this statement was intended to apply only to the facts after the impact. It was about a year after the accident and four days before the trial that she went out to the scene of the accident and stepped off the distance at which she first remembered seeing the Harkey car, and the distance of her second view of the Harkey car. Mrs. Griffin’s testimony was that the Harkey car moved 700 feet during the time that her car moved 15 feet. This was not only improbable, but impossible, because if Mrs. Griffin’s car was moving as slowly as 5 miles per hour, the Harkey car would have had to be moving at more than 200 miles per hour.
The law does not require a trial judge to submit a case to the jury because of an impossible statement of facts. The trial judge was correct in directing a verdict for the appellees; there was no credible testimony that Sandra Harkey was negligent.
The trial judge was in error in stating that the negligence of the Appellee Sandra Harkey would have had to be the sole proximate cause of the accident.
Perhaps the best definition of proximate cause is that contained in 38 American Jurisprudence Negligence Section 50 (1941):
“The proximate cause of an injury is that cause, which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred.” Id. at 695.
This Court attempted to define proximate cause in Cumberland Telephone & Telegraph Company v. Woodham, 99 Miss. 318, 54 So. 890 (1911), wherein it said:
“Without attempting to define proximate cause in such terms as will be applicable to all states of fact — for to do so is practically impossible — it will be sufficient to say that the negligent act of a person, resulting in injury, is the proximate cause thereof, and creates liability therefor, when the the act is of such character that, by the usual course of events, some injury, not necessarily the particular injury, or injury received in *869 the particular manner complained of, would result therefrom, provided the attendant circumstances are such that an ordinarily prudent man ought reasonably to have anticipated that some injury would probably result from the act done. In order that a person may be liable for damages resulting from his negligence, it is not necessary that his negligence should have been the sole cause of the injury. His negligence may be the proximate cause, where it concurs with one or more causes in producing an injury, and, although the author or authors of such cause or causes may also be liable therefor.” Id. at 332-333, 54 So. at 891.
We have consistently followed this general definition of proximate cause. See Holifield, Admr. v. Nester Chevrolet Co., et al., 207 So.2d 636 (Miss. 1968); and Nobles, et al. v. Unruh, 198 So.2d 245 (Miss.1967).
The judgment is therefore affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES, and PATTERSON, JJ., concur.