ROBERTSON, Justice.
The appellants, Herbert Horne and lla Christine Horne, on their own behalf and on behalf of their minor daughter, Judy Horne, brought suit against the appellee, the Town of Moorhead, Mississippi, for the wrongful death of their eighteen-year-old son, Kenneth Horne, in the Circuit Court of Sunflower County. The jury brought in a verdict for the appellee, the Town of Moorhead, and the Hornes appeal.
Kenneth Horne and four other young men of approximately the same age, all *370 recent high school graduates, had summer jobs under a federal government program administered by Mississippi Delta Junior College at Moorhead, Mississippi. They actually worked under the supervision of the Town of Moorhead, which town had employed the mayor thereof to supervise the work of these young men. Under this arrangement they worked during the summer of 1966 and up until August 25, 1966, the day of the fatal accident to Kenneth Horne.
For about two weeks before the accident they had been engaged in patching holes in the town streets with an asphalt mix. A li/2-ton truck with steel bed, and sides about 181/2 inches high, the property of the Town of Moorhead, was used in this work. The truck did not have a tailgate, and on top of each side was welded a 2l4-inch angle iron which served as a place for the boys to sit while the truck was moving from one location to another. This angle iron was flush with the inside of the steel side but extended over about l'i/2 inches on the outside. This was the only hand hold available.
On August 25, the boys first patched holes in Washington Street. Finishing this work in about an hour, they had been instructed by the mayor to load up and drive to Sylvester’s Store, where he would meet them and outline other patching work for them to do. Witnesses variously estimated that the truck was one-third to three-fourths full of asphalt, but that the rear three or four feet was clear.
The usual plan, when moving from one location to another, was for one of the boys to drive, two to stand on the running board on the side opposite the driver, and two to ride in the rear of the truck. All four testified that Mayor Upchurch had cautioned them to be careful when the truck was moving from one location to another, and the mayor testified that he had instructed them to remain seated while the truck was moving. Latón Upchurch testified that the mayor “always told us not to drive fast and to sit still when we were in the bed between moves from one job to another.” Danny Andrews, called as a witness by the plaintiffs, testified on cross-examination that they knew that it was not safe to stand when the truck was moving, that it was not logical to stand, and that they knew this without being told. He stated that he never stood up when the truck was moving.
As they started for Sylvester’s Store on the morning of August 25, Latón Upchurch was driving, Danny Andrews and Ricky Nobile were standing on the right running board, and Kenneth Horne and Jeff Gibson were in the back of the truck sitting on the sides. Ricky Nobile explained what then happened:
“We left going West down Washington Street and we made a right turn down a street running North and South, making a block, we were in the process of making a right turn, down the street on which Kenneth lived, running East and West and I remember Kenneth making a statement that he was going to throw some asphalt in this place in front of his house, not directly in front of his house, but on the street in front of his house, and when we made the turn we were going down the street in front of his house and I remember him getting a shovel-full of asphalt.
“Well, say this is the back of the truck (indicating) and there was at least four feet of space left there that was not piled with asphalt, well, I was on the running board and I remember Kenneth getting a shovel-full of asphalt, I don’t remember which way he turned around, but he got on the back of the truck like this (indicates by holding arms and hands as if holding an object) and then we got close to the place where he wanted to throw the asphalt and he threw it out like this (makes swinging motion with arms) and he tried to hit the hole with the asphalt and when he did he lost his balance and fell from the truck and landed on his feet and the momentum of *371 the truck carried him over backwards and he hit his head, and that’s what happened.”
Jeff Gibson corroborated Nobile’s statement of how it happened. Horne was unconscious when they reached him and remained largely so until his death on December 2, 1966. The doctor testified that when he hit the pavement at the base of the skull he suffered extensive brain damage and that this was the primary cause of death.
The only errors assigned were the granting of Instructions 8, 5 and 7 for the ap-pellee. These instructions were:
DEFENDANT’S INSTRUCTION NO. 8
“The Court instructs the jury for the Defendant that if you believe from the evidence in this case that at the time of the accident which resulted in fatal injuries to Kenneth Horne, the said Kenneth Horne was a young man eighteen (18) years of age, of average intelligence and a high school graduate, capable of knowing and appreciating the danger of standing on the bed of Defendant’s truck while it was traveling along Jefferson Street; and if you believe from the evidence in this case that at the time of the accident the said Kenneth Horne did voluntarily stand on the bed of said truck as it was traveling along said street in the Town of Moorhead and that such action on the part of the said Kenneth Horne, if any, caused him to lose his balance and fall from the truck resulting in fatal injuries to him, then the said Kenneth Horne was negligent. If you further believe from the evidence in this case that such negligence, if any, on the part of said Kenneth Horne was the sole proximate cause of the injuries which caused his death, then you should find for the Defendant.”
DEFENDANT’S INSTRUCTION NO. 5
“The Court instructs the jury for the Defendant that the jury may not find for the Plaintiffs in this case unless the jury believes from a preponderance of the evidence that Kenneth Horne was fatally injured as a proximate result of the failure by the Defendant to exercise toward Kenneth Horne such care as an ordinarily prudent person would exercise under the same conditions and circumstances, and such care does not require that the Defendant anticipate any unusual, improbable or extraordinary occurrence, but only what is reasonably foreseeable.”
DEFENDANT’S INSTRUCTION NO. 7
“The Court instructs the jury for the Defendant that under the law Defendant did not guarantee the safety of Kenneth Horne while he was working on the streets of the Town of Moorhead, Mississippi, and that under the law all that the Defendant was required to do was to exercise reasonable and ordinary care to provide a reasonably safe place for the said Kenneth Horne to work and reasonably safe tools, appliances and equipment with which to work; and if you believe from the evidence that at the time of the accident in which Kenneth Horne received fatal injuries, the Defendant had exercised reasonable and ordinary care, i. e., such care as an ordinarily prudent person would have exercised under like or similar circumstances, to provide a reasonably safe place for him to work and reasonably safe tools, appliances and equipment which which to work, then you should find for the Defendant.”
The appellants contend that Instruction Number 8 was practically a peremptory instruction because the jury was told that it was negligence for Kenneth Horne to stand on the bed of the truck as it moved along Jefferson Street and it was undisputed that Horne was standing when he fell from the truck.
The appellee answers that this instruction was proper because under its explicit terms the jury had to find the following before *372 the act of the deceased in standing on the bed of the moving truck could be found to be a negligent act and the sole proximate cause of the accident:
“(1) That the deceased was a young man of average intelligence who was capable of knowing and appreciating the danger of standing on the bed of the moving truck; (2) That even though he knew and was capable of appreciating this danger, the deceased nevertheless voluntarily stood on the bed of the truck as it moved through the Town of Moorhead; (3) That his standing on the bed of the truck caused him to fall; and (4) That this act of negligence on the part of Kenneth Horne was the sole proximate cause of the injuries.”
With these conditions precedent embodied in this instruction, we think that it was a correct statement of the law under the evidence adduced in this case. Any doubt that this instruction had peremptory overtones would be completely dispelled when read in conjunction with Defendant’s Instruction No. 10.
The appellants find fault with the following language of Instruction Number 5:
“[A]nd such care does not require that the Defendant anticipate any unusual, improbable or extraordinary occurrence, but only what is reasonably foreseeable.”
The appellants concede that the instruction is correct up to the point. They argue though that it was not necessary for this defendant to foresee the particular injury to Kenneth Horne and that this instruction advances that thought. They contend that it was only necessary for a reasonably prudent person to foresee some injury which might result from his failure to exercise reasonable care and that this instruction crosses that boundary.
A fine exposition of the tests to be applied is contained in Sturdivant v. Crosby Lumber & Manufacturing Co., 218 Miss. 91, 65 So.2d 291 (1953), wherein this Court said:
“Negligence toward a particular person is conduct which falls below the standard established by the law for the protection of others against unreasonable risk of harm. The idea of risk necessarily involves a recognizable danger based upon some reasonable belief'that harm may follow. A risk is a danger which is apparent or should be apparent to one in the position of the actor. * * * No man can be expected to guard against events which are not reasonably to be anticipated, or are so unlikely that the risk would commonly be disregarded. Pros-ser, Torts (1941), Sec. 35. Even with the fact of causation established, the Court is confronted with the problem as to the limitation upon defendant’s legal responsibility for the harm which he has caused. Culpable negligence necessarily involves a foreseeable risk, a threatened danger of injury, and conduct in proportion to the danger. If the defendant could not reasonably foresee any injury as the result of his act, or if his conduct was reasonable in the light of what he could anticipate, there is no negligence, and no liability.
“ * * * In order that a person doing an act which results in injury to another shall be liable for it, the act must have been of such character and done in such a situation that by the usual course of events some injury, not necessarily the particular injury, would result. Cumberland Tel. & Tel. Co. v. Woodham, 99 Miss. 318, 54 So. 890 (1910). The attendant circumstances must be such that an ordinarily prudent man ought reasonably to have anticipated that some injury would probably result from the act done. The probability must be a reasonable one, reasonably to have been anticipated by a reasonably prudent person. But the actor is not bound to a prevision or anticipation which would include an unusual, improbable or extra *373 ordinary occurrence, although such happening is within the range of possibilities. * * * ” 218 Miss, at 99-100, 65 So.2d at 294.
We think that Instruction No. 5 meets these tests.
Appellants next contend that Instruction No. 7 was erroneous in that the undisputed facts show that the truck of the appellee was not a safe place for the deceased to work. The record reflects that this issue was very positively disputed. The testimony was that no one had fallen from the truck before, that none of Kenneth’s companions felt unsafe while riding on this truck, that when riding in a sitting position on the sides of the steel body they had no difficulty in maintaining their balance.
This instruction presented the appellee’s theory of the case.
The appellants presented their theory as to the duty of the Town of Moorhead to furnish the deceased with a reasonably safe place to work in their Instruction No. 1, which reads:
“The Court instructs the jury that the defendant Town of Moorhead was under a duty to use reasonable care to see to it that the truck bed in which Kenneth Horne was riding at the time of his accident was reasonably safe for that purpose; and, if you believe from a preponderance of the evidence that the Town of Moorhead negligently failed to perform this duty and that such failure, if any, was either the sole proximate cause or a contributing proximate cause of the accident and death of Kenneth Horne, then you should return a verdict for the plaintiffs, even though you also believe from the evidence that Kenneth Horne was guilty of negligence which was a contributing proximate cause of such accident and death.”
The responsibility rests on each litigant to secure proper instructions presenting his theory of the case. We think that the appellants and the appellee met their responsibility in this respect. Both Plaintiffs’ Instruction No. 1 and Defendant’s Instruction No. 7 were proper under the facts of this case.
Considering the instructions as a whole, we think that the jury was properly instructed as to the law. After a full trial, a full development of the facts, and proper instructions from the court, the jury retired to consider what their verdict should be. They brought in a verdict for the defendant. We cannot say they were wrong.
The judgment is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON, and SMITH, JJ., concur.